**Not For Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1764

HAYDEE RIVERA-HUERTAS; WANDA RIVERA-RIVERA,

Plaintiffs, Appellants,

v.

COMMONWEALTH OF PUERTO RICO; PUERTO RICO DEPARTMENT OF JUSTICE;
HON. ROBERTO SÁNCHEZ-RAMOS, in his personal and official capacity
as Secretary of Justice; PUERTO RICO POLICE DEPARTMENT; PEDRO
TOLEDO-DÁVILA, in his personal and official capacity as Police
Superintendent; CAPT. RAFAEL MELÉNDEZ, in his personal and
official capacity; CAPT. JOSÉ DÍAZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Nicolás Nogueras-Cartagena on brief for appellants.
Salvador Antonetti-Stutts, Solicitor General, Mariana D.
Negrón-Vargas, Deputy Solicitor General, Maite Oronoz-Rodríguez,
Deputy Solicitor General, and Zulema E. Martínez-Alvarez,
Assistant Solicitor General, on brief for appellees.

December 29, 2006

**STAHL**, <u>Senior Circuit Judge</u>.  This case comes to us on appeal from a grant of dismissal.  Plaintiff[1] brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, alleging gender discrimination, sexual harassment, a hostile work environment, and retaliation; and under 42 U.S.C. § 1983, alleging violations of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution.[2]  The district court dismissed the Title VII claims for failure to exhaust administrative remedies, and the Section 1983 claims as time-barred.  We affirm.

We review <u>de</u> <u>novo</u> a district court's decision to dismiss a case under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Ramos-Pinero</u> v. <u>Puerto Rico</u>, 453 F.3d 48, 51 (1st Cir. 2006).  In doing so, we take as true all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff. <u>Id.</u>

Plaintiff Haydee Rivera-Huertas has been an officer with the Puerto Rico Police Department since October 1996.  According to her complaint, plaintiff began to be the target of false innuendos and allegations at the Sabana Hoyos Police Station some time around 2002.  A co-worker of plaintiff, Agent Ramón Hernández-Quiles, had

---

[1]We assume that co-plaintiff Wanda Rivera-Rivera's claims are simply derivative of those of Rivera-Huertas, Rivera-Rivera's mother.  Therefore, we will simply refer to "plaintiff" throughout.

[2]Plaintiff also brought supplemental claims under Puerto Rico law, the dismissal of which is not on appeal here.

asked her for the phone number and address of a female citizen who had filed a complaint against the police. Plaintiff refused to provide the information, and Hernández-Quiles retaliated by spreading rumors around the police station that plaintiff was a lesbian.

Plaintiff filed a report complaining about Hernández-Quiles's conduct with co-defendant Capt. José Díaz, who was then substituting for co-defendant Capt. Rafael Meléndez at the Sabana Hoyos station. During Capt. Díaz's tenure as officer in charge he took no action, and plaintiff again complained to Capt. Meléndez when he returned to work. In the interim, the documents relating to her complaint that had been in the possession of Capt. Díaz had been lost, so plaintiff filed a second report, on which Capt. Meléndez also took no action.

Because of what plaintiff perceived as a hostile work environment, she repeatedly requested a transfer. Finally, she was transferred to the Barceloneta Police Station on April 21, 2004. One week later, on April 28, she was reassigned to the Residencial Brisas de Campo Alegre Police Station in Manatí, Puerto Rico. Plaintiff alleges that the later transfer was a form of retaliation, since that station is known for having officers with blemishes on their records, while plaintiff's record is clean.

Subsequently, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"),[3] which was dismissed on March 22, 2005, as not timely filed. Plaintiff then instituted this action on May 19, 2005, alleging violations of Title VII and Section 1983, as well as violations of Puerto Rico law. The complaint named as defendants the Commonwealth of Puerto Rico; the Puerto Rico Department of Justice; Hon. Robert Sánchez-Ramos, in his personal and official capacity as Secretary of Justice; the Puerto Rico Police Department; Pedro Tolido-Dávilla, in his personal and official capacity as Police Superintendent; and Capts. Rafael Meléndez and José Díaz in their personal and official capacities.

On March 17, 2006, the district court granted defendants' motion to dismiss. The court dismissed with prejudice the Title VII claims for failure to exhaust administrative remedies and the Section 1983 claims as barred by the statute of limitations, and dismissed without prejudice the supplemental Puerto Rico claims. On March 28, 2006, plaintiff moved for reconsideration, which motion was denied. Plaintiff now appeals from the dismissal and the denial of her motion for reconsideration.

Title VII requires that a charge "shall be filed [with the EEOC] within one hundred and eighty days after the alleged

---

[3]It is not clear from the record the exact date her charge was filed.

unlawful employment practice occurred," or within 300 days if the person aggrieved "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e). This requirement was not met,[4] and that failure effectively bars the Title VII claims. See Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).

Here, in order to save her claim, plaintiff argues that continuing violations should have tolled the time in which she had to file an EEOC charge. On its face, plaintiff's argument appears to mistake the exhaustion requirement of Title VII for a statute of limitations, but the argument is not so far off, given that the exhaustion requirement of Title VII is not a jurisdictional bar, but is still subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 46 n.6 (1st Cir. 2005). Plaintiff argues, in essence, that the April 28 transfer to the Manatí station was meant to be just a "reconcentration," which typically lasts only three to four months, and that this should have been taken into account.

---

[4]Because the exact date of filing is not known, we do not know for certain if the EEOC applied the 180-day rule or the 300-day rule. Because Puerto Rico is a "deferral jurisdiction," we have held that the 300-day rule applies. See Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 188 (1st Cir. 2003). There is no argument here that the EEOC misapplied the statute. Plaintiff only argues, as discussed infra, that the requirement should be tolled because of ongoing retaliation.

Plaintiff's argument is thin, but we do see two possible ways to read this. First, she could be saying that the failure of the police to re-transfer her from the Manatí station after three or four months was itself an act of retaliation, and if one included this failure, it would bring the charge within the 300-day statute of limitations for filing charges with the EEOC.[5] However, plaintiff failed to make this argument before the district court in her motion opposing dismissal, and therefore, finding no extraordinary circumstances to forgive omission, we do not consider the argument now.[6] See Rocafort v. IBM Corp., 334 F.3d 115, 121-22 (1st Cir. 2003).

Alternatively, plaintiff could be arguing that the district court should have used its equity powers to toll the exhaustion requirement altogether, because the failure by the Police Department to transfer her back to Barceloneta after three or four months precluded her from filing a timely charge. Even if

_____

[5]Although we don't know the precise date of the EEOC filing, 389 days elapsed between plaintiff's transfer on April 28, 2004, and the dismissal of her EEOC charge on March 22, 2005, so a three-to four-month tolling would possibly have made the charge timely.

[6]In her Opposition to Motion to Dismiss, the closest plaintiff gets to this argument is when she says, "The damages suffered by Plaintiff were continuos [sic]. Up to this moment, Plaintiff is still suffering damages because of the hostile environment, discriminatory acts and retaliation created by Defendants." Appellant's Appendix at 53. Even reading this in the light most favorable to plaintiff, this is at best an argument about damages, not about ongoing acts. As such, it is unremarkable; adverse employment actions would be expected to create damages extending past the date of the injury.

-6-

that were a sufficient reason to invoke equitable tolling where there still was sufficient time to file a charge, see Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 279 (1st Cir. 1999) ("the federal standard reserves equitable tolling for exceptional cases"), plaintiff similarly never raised the equitable tolling argument before the district court, and thus is not entitled to raise it here.  See Jorge, 404 F.3d at 565.

The same can be said for the Section 1983 claims.  A Section 1983 action borrows the forum state's statute of limitations for personal injury claims.  Wilson v. Garcia, 471 U.S. 261, 269 (1985); López-González v. Municipality of Comerío, 404 F.3d 548, 551 (1st Cir. 2005).  In Puerto Rico, the appropriate statute of limitations is one year.  Torres v. Superintendent of Police of P.R., 893 F.2d 404, 406 (1st Cir. 1990); see 31 L.P.R.A. § 5298(2).  Here, the most recent alleged injury occurred on April 28, 2004, more than one year before the Section 1983 action was instituted on May 11, 2005, and any arguments that the adverse actions extended beyond that date were waived, as discussed supra.

Plaintiff also contends that the Section 1983 statute of limitations should be tolled by her filing of the EEOC charge,[7] but

---

[7]Under Puerto Rico law, the "[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."  31 L.P.R.A. § 5303. The Supreme Court of Puerto Rico has held that an administrative action must be essentially "identical" to the subsequent court action in order for this tolling rule to apply.  Cintron v. Estado

because she did not raise this issue in her opposition to defendants' motion to dismiss, the issue likewise is waived. See Rocafort, 334 F.3d at 121-22. Furthermore, we find no abuse of discretion in the district judge's refusal to consider the argument on plaintiff's motion to reconsider. See Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003) (district court did not abuse its discretion in refusing to reconsider decision where party raised new argument on motion to reconsider).

**Affirmed**.

---

Libre Asociado de P.R., 127 P.R. Dec. 582 (1990); see Rodríguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004). Thus, there is question as to whether a Title VII claim is sufficiently "identical" to a Section 1983 claim such that the filing of an EEOC charge would toll the statute for the Section 1983 claim. We have not yet addressed this issue and choose not to do so here.

-8-