# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30714
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2020

Lyle W. Cayce
Clerk

LUCIANA F. LAWSON,

      Plaintiff - Appellant

v.

AT&T MOBILITY SERVICES, L.L.C., incorrectly identified as AT&T
Mobility, L.L.C., on behalf of AT&T,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CV-1719

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

    Luciana Lawson, an African American woman, was terminated by AT&T Mobility Services LLC (AT&T) after allegedly stealing cash from the store where she worked. Lawson subsequently filed suit under Title VII, asserting that AT&T's rationale for terminating her was pretextual because similarly

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 19-30714

situated employees were not terminated following other alleged thefts. Finding no reversible error, we affirm the judgment below.

## I.

Lawson handled cash transactions at the AT&T store in New Iberia, Louisiana. On September 22, 2015, AT&T discovered a cash shortage and investigated. Surveillance video showed Lawson opening the cash drawer, removing a SIM card from the drawer, and not placing cash in the drawer, despite processing a cash transaction.[1] According to AT&T, Lawson offered no explanation for why she did not place cash in the drawer, but she denied the allegation of theft. In light of the surveillance video and Lawson's response, AT&T terminated Lawson.

AT&T moved for summary judgment in the district court, which was granted. The court determined that AT&T's rationale for Lawson's termination was not pretextual and that the comparators she identified were not similarly situated. This appeal followed.

## II.

"We review a district court's grant or denial of summary judgment *de novo,* applying the same standard as the district court." *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015) (quoting *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007)). "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Robinson*, 505 F.3d at 366.

---

[1] Lawson notes that the video did not show her handling money.

No. 19-30714

## A.

Title VII is designed "to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). A plaintiff who lacks direct evidence of employment discrimination must "provid[e] circumstantial evidence sufficient to raise an inference of discrimination," in which case we "apply the *McDonnell Douglas* burden-shifting framework." *Thomas*, 788 F.3d at 179.

"Under this framework, the plaintiff must make a *prima facie* showing of discrimination." *Id.* If the plaintiff does so, the "employer must articulate a legitimate, non-discriminatory reason for the adverse employment action." *Id.* (internal quotation marks omitted). This "burden is only one of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). If the employer meets this burden, the plaintiff must then "show the articulated reason is pretextual." *Thomas*, 788 F.3d at 179. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks and citation omitted). In addition, the employee "must rebut each discrete reason proffered by the employer." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015).

## B.

Even if Lawson could establish a prima facie case of Title VII discrimination, she fails to establish that AT&T's rationale for her termination (i.e., theft) was a pretext for racial discrimination. Theft is a legitimate rationale for termination, *see, e.g., Jones v. Overnite Transp. Co.*, 212 F. App'x

268, 274 (5th Cir. 2006), and AT&T offered nondiscriminatory reasons for concluding that Lawson committed the theft in question. The company investigated, located a store receipt that indicated that cash was missing, reviewed video evidence tying Lawson to the event in question, and gave Lawson an opportunity to explain the event in question.  Accordingly, AT&T's proffered explanation is not false or unworthy of credence, even if AT&T might be mistaken. *See Amezquita v. Beneficial Tex., Inc.*, 264 F. App'x 379, 386 (5th Cir. 2008) ("[E]ven an employer's incorrect belief in the underlying facts—or an improper decision based on those facts—can constitute a legitimate, non-discriminatory reason for termination." (citing *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005))); *see also Bryant*, 413 F.3d at 478 ("Management does not have to make proper decisions, only non-discriminatory ones.").

Moreover, Lawson offers no disparate-treatment evidence showing that her termination was motivated by a discriminatory intent. *See Bryant*, 413 F.3d at 478 ("[E]vidence that the employer's investigation merely came to an incorrect conclusion does not establish a racial motivation behind an adverse employment decision."); *see also Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) (same). Although Lawson notes that two Caucasian employees accused of theft were not terminated, those occurrences are readily distinguishable. Here, Lawson was the only employee involved in the transaction, and records tied her to the transaction. By contrast, the other occurrences featured no evidence (and certainly no video evidence) tying any particular employee to the reported theft; instead, either of two individuals could have been responsible. Accordingly, Lawson has failed to demonstrate that AT&T's rationale for her termination was a pretext for discrimination.

No. 19-30714

## III.

For the foregoing reasons, we AFFIRM the district court's dismissal of Lawson's Title VII claims.