# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60448

HAL A. MERRITT,

Plaintiff–Appellant,

v.

UNITED PARCEL SERVICE, INC.,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CV-1072

Before GARWOOD, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hal Merritt appeals the district court's grant of summary judgment in favor of United Parcel Service, Inc. (UPS) denying Merritt's claims under Title VII of the Civil Rights Act of 1964[1] and 42 U.S.C. § 1981. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 2000e *et seq.*

**I**

Merritt, a forty-seven-year-old African-American, was terminated by UPS after twenty-seven years of employment for allegedly falsifying documents. Merritt admits that he instructed drivers to adjust the deadlines for packages that were not timely delivered to appear as if the deadline for delivery was sometime in the future. His separation form indicates that the reason for termination was "VIO—Violation of Rules or Company Policy." The description of the reason for separation further states:

> Records Falsification (Changed Missed Pieces in PTE);
> Instructed Service Providers to record missed/send again packages as "Futures";
> Instructed Service Provider to record late NDA package as "requested late."

After his termination, Merritt filed a formal charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on race and age. The EEOC determined that evidence obtained in its investigation established reasonable cause to believe that Merritt was discharged because of his race but that the evidence did not establish reasonable cause to believe that he was discharged because of his age. Merritt then filed a complaint in the district court seeking damages for employment discrimination on the basis of race and age, pursuant to Title VII and § 1981.

After the completion of discovery, UPS filed a motion for summary judgment. UPS also filed a motion to strike Merritt's "Statements of Drivers" that was attached to Merritt's response in opposition to UPS's motion for summary judgment. The district court granted UPS's motions to strike and for summary judgment and dismissed Merritt's claims with prejudice. Merritt timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

We review the district court's grant of summary judgment de novo.[2] Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] "Any reasonable inferences are to be drawn in favor of the non-moving party."[4] "However, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'"[5] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[6]

### A

Merritt argues that the district court erred in dismissing his claim that he suffered a hostile work environment based upon his race. Merritt first raised this claim in his response to UPS's motion for summary judgment.

A court may entertain a Title VII claim only if the aggrieved party has exhausted his or her administrative remedies.[7] Merritt did not file a charge of discrimination with the EEOC based on an allegedly hostile work environment. Additionally, the statement from a co-worker and handwritten notes—Merritt's only proffered evidence in support of his hostile work environment claim—were

---

[2] *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).

[3] FED. R. CIV. P. 56(c).

[4] *Robinson v. Orient Marine Co. Ltd.*, 505 F.3d 364, 366 (5th Cir. 2007).

[5] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)(2)).

[7] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

made at least three years before the filing of his EEOC charge for violations of Title VII, long after the statutory period for filing a charge.[8] Because Merritt failed to exhaust his administrative remedies, his hostile work environment claim was properly dismissed.

**B**

Merritt next argues that he was terminated because of his race in violation of Title VII and § 1981. Claims of racial discrimination based only on circumstantial evidence are evaluated under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*.[9] A plaintiff must first establish a prima facie case of discrimination by showing he: (1) belongs to a protected group; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class or that other similarly situated employees outside the protected class were treated more favorably.[10]

Merritt has not provided sufficient evidence to establish a prima facie case of discrimination under Title VII. It is undisputed that Merritt belongs to a protected group and that he suffered an adverse employment action. While the parties disagree as to whether Merritt was qualified, we do not reach this question because Merritt fails to satisfy the fourth element.

---

[8] *See* 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ."); *cf. Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

[9] 411 U.S. 792, 802-805 (1973).

[10] *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

Merritt does not argue that his job was filled by someone outside the protected class. Instead, Merritt contends that two Caucasian employees, Steve Beattie and Donna Chennault, were similarly situated and treated more favorably. "[T]o establish disparate treatment a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees."[11]

We note that Merritt first identified Beattie and Chennault as comparators in his response to UPS's motion for summary judgment. Before that time, in his response to discovery requests and during his deposition, Merritt identified Rusty Crabtree and Leroy "Buddy" Smith as the similarly situated employees. We need not decide whether Merritt's identification of Beattie and Chennault for the first time after discovery is proper because Beattie and Chennault are not similarly situated.

Beattie and Chennault were not in the same position as Merritt and were not accused of committing the same infraction. Beattie was Merritt's supervisor and UPS attributed some responsibility for Merritt's falsification of documents to Beattie because, as the Center Manager, Beattie "should have been aware of the issues and problems in the center." Beattie was suspended but not terminated. Discipline for failure to supervise adequately is not comparable to discipline for knowingly falsifying documents. Nor was Chennault disciplined for falsifying documents. Chennault was issued a written warning because several drivers had told her about Merritt's wrongful actions but she did not notify her manager.

---

[11] *Id.* at 514 (alterations and internal quotation marks omitted); *see Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007) ("In disparate treatment cases, the plaintiff-employee must show 'nearly identical' circumstances for employees to be considered similarly situated.").

Merritt relies on the EEOC's Determination (Determination) that "two white employees were accused of committing the same infraction and were allowed to continue their employment." But neither Merritt's formal charge of discrimination, nor the Determination identifies the white comparators. Because the Determination contains only a broad conclusion, does not outline the nature of the investigation conducted, and does not cite evidence in support, the Determination does not create a material question of fact to defeat summary judgment.[12]

Merritt contends that the district court erred when it struck statements from several drivers who claim that Merritt did nothing wrong or unethical. Merritt has failed to brief this issue adequately, and thus we will not consider it on appeal.[13]

Because Merritt fails to present evidence that creates a genuine issue of material fact that other similarly situated employees were treated more favorably, Merritt's Title VII claim fails.[14]

## C

Merritt also contends that the district court erred in granting summary judgment on his age discrimination claim. Merritt brought his age

---

[12] *See Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."); *see also Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005) (holding that summary judgment was appropriate when the plaintiff failed to set forth sufficient evidence of pretext, despite the EEOC's finding of reasonable cause of gender discrimination).

[13] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[14] *See Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 641 n.9 (5th Cir. 1985) ("In the employment discrimination context, a prima facie case is established if the plaintiff merely satisfies the standing requirements of the ADEA and presents evidence of differential treatment of younger and older employees. Given these minimal requirements, the failure to establish a prima facie case generally means that there are no material facts at issue."), *overruled on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

discrimination claim pursuant to Title VII and § 1981. The district court dismissed Merritt's claim on the ground that he did not assert a violation of the Age Discrimination in Employment Act[15] (ADEA). Because we can affirm on any grounds raised below, we do not decide whether Merritt's failure to assert a violation of the ADEA renders his claim invalid. Instead, we conclude that Merritt fails to provide sufficient evidence to establish a prima facie case of age discrimination under the ADEA.

"To make out a prima facie case of discriminatory treatment based on age, the plaintiffs are required to prove: (1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)."[16] Merritt fails to satisfy the fourth element.

Merritt does not allege that he was replaced by someone outside of the protected class. Thus, we need only determine whether Merritt was treated less favorably than similarly situated younger employees. Merritt supports his claim with conclusory assertions that he was terminated because he was seven years from retirement and that Beattie and Chennault were "younger workers." Because we have concluded that Beattie and Chennault were not similarly situated, Merritt does not establish a prima facie case of age discrimination. Accordingly, Merritt's claims of age discrimination under Title VII and § 1981 fail.

\*     \*     \*

AFFIRMED.

---

[15] 29 U.S.C. § 621 *et seq.*

[16] *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).