# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2007

Charles R. Fulbruge III
Clerk

No. 06-30791

LEONAL ROBINSON

Plaintiff-Appellee

v.

ORIENT MARINE CO LTD; CLIO MARINE INC; WELLS FARGO
NORTHWEST; OLDENDORFF CARRIERS GMBH & CO, K.G.

Defendants-Appellees

v.

PAN OCEAN SHIPPING CO, LTD; UNITED KINGDOM MUTUAL
STEAMSHIP ASSURANCE ASSOCIATION (BERMUDA) LTD

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

In this interlocutory appeal, Pan Ocean Shipping Co. ("Pan Ocean")
contests the district court's denial of summary judgment as to Leonal Robinson's
claims against it. For the following reasons, we REVERSE and REMAND.

## I. FACTS AND PROCEEDINGS

Pan Ocean executed a time charter from Oldendorff Carriers GmbH and Co. ("Oldendorff") for the M/V CLIO PACIFIC. Clause 8 of the agreement between the companies provided: "Charterers are to Perform all cargo handling at their risk and expense."

In Indonesia, the hold of the CLIO PACIFIC had been loaded with crates of plywood, which were stacked in an unstable manner. Robinson, an employee of a stevedoring company, P&O Ports of Louisiana ("P&O"), was injured when one of the plywood bundles flipped off of the stack and landed on him as he helped unload the CLIO PACIFIC in New Orleans, Louisiana. Robinson sued Pan Ocean and Oldendorff, among others, claiming entitlement to compensation under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), which provides injured longshore workers with a remedy for harms caused by a "vessel." See 33 U.S.C. § 905(b). The term "vessel" includes time charterers of the ship, such as Pan Ocean. Kerr-McGee Corp. v. Ma-Ju Marine Services, Inc., 830 F.2d 1332, 1338 (5th Cir. 1987).

Under the LHWCA, a vessel generally "may rely on the stevedore to avoid exposing the longshoreman to unreasonable hazards . . . the primary responsibility for the safety of the longshoremen rests on the stevedore." Singleton v. Guangzhou Ocean Shipping Co., 79 F.3d 26, 28 (5th Cir. 1996). A vessel may be liable to longshoremen under three circumstances:

> 1) if the vessel owner fails to warn on turning over the ship of hidden defects of which he should have known.
> 2) for injury caused by hazards under the control of the ship.
> 3) if the vessel owner fails to intervene in the stevedore's operations when he has actual knowledge both of the hazard and that the stevedore, in the exercise of obviously improvident judgment, means to work on in the face of it and therefore cannot be relied on to remedy it.

Pimental v. LTD Canadian Pacific BUL, 965 F.2d 13, 15 (5th Cir.1992) (internal quotation omitted). Here, the first duty, or the "turnover" duty, is at issue. The

turnover duty was articulated in Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 166–67 (1981) and further specified in Howlett v. Birkdale Shipping Co., 512 U.S. 92, 98–100 (1994). Robinson contends that Pan Ocean and Oldendorff breached this duty by failing to warn him of the "hidden defect" of the improperly stacked crates.

The district court found that Oldendorff did not breach this duty because the unevenly stacked crates did not constitute a latent hazard aboard the ship. It granted summary judgment to Oldendorff and dismissed Robinson's claims against it. But the district court found that Pan Ocean's duties differed from Oldendorff's, and it denied Pan Ocean's motion for summary judgment. Pan Ocean appeals this ruling.

## II. STANDARD OF REVIEW

We review a district court's grant or denial of summary judgment de novo, applying the same standard as the district court. Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 507 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Any reasonable inferences are to be drawn in favor of the non-moving party. Gowesky, 321 F.3d at 507.

## III. ANALYSIS

The district court found that Clause 8 of the contract between Pan Ocean and Oldendorff placed liability for negligent storage of the cargo on Pan Ocean, regardless of whether the hazard was hidden. In other words, the time-chartering agreement created a new duty for Pan Ocean to protect the stevedore from harm from improperly stowed cargo, beyond a mere duty to warn the stevedore of hidden dangers. We hold this conclusion to be unsound.

Clause 8 clearly transfers Oldendorff's duties to Pan Ocean, a fact Pan Ocean does not dispute. Oldendorff's duties, however, extended only to the duty to warn expressed in Scindia. Nowhere in our jurisprudence, the district court's order, or any authority cited by the parties do we find a reason that a time charterer would be held liable for negligent stowage by a stevedore it did not control. Both the Second and the Ninth Circuits have held that language virtually identical to that found in Clause 8 acts as an indemnification clause between the owner and the time charterer and does not affect the duties owed to longshoremen. See Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1545 (9th Cir. 1991) ("These clauses determine indemnity issues between the owner and the charterer and do not inure to the benefit of the longshoremen."); Fernandez v. Chios Shipping Co., 542 F.2d 145, 152-53 (2d Cir. 1976) ("Since the cause of the damage, improper discharge of cargo, is within the scope of responsibilities shifted from Shipowner to Time Charterer by Clause 8, the Time Charterer is obligated to indemnify the Shipowner."). We reach the same conclusion and hold that it was error for the district court to conclude that the "risk and expense" language of Clause 8 of the agreement did more than shift ultimate responsibility for liability from Oldendorff to Pan Ocean. Clause 8 did not expand or alter the turnover duty otherwise owed to Robinson. The district court should have analyzed Pan Ocean's liability using the same standard it had applied to Oldendorff.

## IV. CONCLUSION

For the foregoing reasons we REVERSE and REMAND for further proceedings consistent with this opinion.