# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-30998
Summary Calendar

KANSAS CITY SOUTHERN RAILWAY COMPANY,

Plaintiff-Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,
a New Jersey Corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:05-CV-1182

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kansas City Southern Railway Company ("KCS") appeals a summary judgment in favor of Prudential Insurance Company of America, Inc. ("Prudential"). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

A collision occurred between a train operated by KCS and a trailer owned by Turner Industries Group, L.L.C., at a crossing in St. Charles Parish, Louisiana. KCS sued numerous defendants, including Prudential.

KCS sought to hold Prudential liable because of an agreement between Prudential and KCS's predecessor, Louisiana & Arkansas Railway Company ("L&A"). The Public Crossing Agreement ("Agreement") granted Prudential the right to construct a road over L&A's track. In return, Prudential agreed to "indemnify and hold L&A harmless from all claims, actions or demands made by third persons." The agreement further provided:

> It is the intention of Prudential to timely dedicate the public road leading to and from the said crossing, as well as the servitude of crossing, to the public. Accordingly, notwithstanding anything herein to the contrary, in the event the roadway is so dedicated to the public and accepted for public maintenance, Prudential is relieved of any further responsibility under the terms of this Agreement.

The parties agree that the road was completed on or before the day on which Prudential dedicated the roadway crossing to public use.

In the dedication, Prudential sought to "assign, transfer, dedicate and convey unto St. Charles Parish all of its rights, title and interest in and to the Agreements with . . . [L&A]." The dedication required the Parish to assume "full responsibility for the maintenance and operation of the railroad crossings and signals and compliance with the terms of the Agreements affecting said crossings." Finally, the dedication sought to release Prudential "from any further liability and responsibility under the terms of said Agreements." The Parish approved the dedication pursuant to Ordinance No. 84-5-3. The district court granted Prudential summary judgment, concluding that events subsequent to the Agreement between it and L&A, namely the dedication, had relieved it of liability.

II.

We review summary judgment de novo, applying the same standard as did the district court. Robinson v. Orient Marine Co., 505 F.3d 364, 365 (5th Cir. 2007). Summary judgment should be granted if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (amended eff. Dec. 1, 2007).

KCS urges that the court erred by improperly construing both the Agreement between it and Prudential and Louisiana's peremption statute, LA. REV. STAT. § 9:2772 (West 2005). We find no error in the district court's analysis.

Under Louisiana law, the interpretation of an unambiguous contract is a question of law. Amoco Prod. Co. v. Tex. Meridian Res. Exploration Inc., 180 F.3d 664, 668 (5th Cir. 1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE art. 2046 (West 2008). "[O]nly when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." Amoco, 180 F.3d at 669.

There is but one reasonable interpretation of this contract. Prudential agreed to create a road across L&A's railroad within two years of the Agreement's execution and to indemnify L&A for any liability caused by Prudential's negligence in the maintenance and operation of the roadway. This indemnification was not perpetual, however: It was always Prudential's intention to dedicate the roadway to the Parish, and by the terms of the contract, L&A agreed to said dedication. Prudential was to be relieved of "any further responsibility under the terms of th[e] Agreement."

The terms of this contract could not be any more pellucid. Prudential is,

post-dedication, no longer liable under its terms.[1]

Nor does any ambiguity arise from a consideration of the dedication between Prudential and the parish. The dedication explicitly required the parish to "assume full responsibility for the maintenance and operation of the railroad crossings . . . ." Thereafter, Prudential was to be "released from any further liability and responsibility under the terms of [the L&A agreement]."

The terms of both agreements are unambiguous. The agreement expressly provided for the eventual dedication of the roadway to the parish, at which point Prudential's obligations would cease. There is no dispute that the intended dedication occurred. Because the "intention to extinguish the original obligation [was] clear and unequivocal," LA. CIV. CODE art. 1880 (West 2008), "a new obligor [was] substituted for a prior obligor," LA. CIV. CODE art. 1882 (West 2008).

Because the contract explicitly contemplates this eventual novation, Prudential is no longer subject to liability under its terms. Accordingly, there is no need to address whether, even if the contract still bound Prudential, Louisiana's preemption statute, LA REV. STAT. § 9:2772, would absolve it from liability. Further, because we cabin our decision to a reading of the plain text of the Agreement, we also need not address the effect the preemption statute would have on the parties' relationship if Prudential were still liable under the contract.

AFFIRMED.

---

[1] KCS further alleges that Prudential remains liable for negligence in the original design of the roadway, including grading, drainage, and finished surfaces. It is true that the Agreement contemplated Prudential's being responsible for this. Nevertheless, the Agreement also contemplated Prudential's dedicating the road to the parish, at which time the parish would assume whatever responsibilities Prudential had at that time.