# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2009

No. 08-40709
Summary Calendar

Charles R. Fulbruge III
Clerk

TINA POWERS,

Plaintiff–Appellant,

v.

WOODLANDS RELIGIOUS COMMUNITY INC., doing business as
Interfaith of the Woodlands,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:08-CV-11

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tina Powers appeals the district court's grant of summary judgment to Woodland Religious Community Inc., d/b/a Interfaith of the Woodlands (Interfaith) denying Powers's claims under the Family Medical Leave Act[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 29 U.S.C. §§ 2601-2654.

(FMLA) and the Age Discrimination in Employment Act[2] (ADEA). We affirm in part, vacate in part, and remand for further proceedings.

## I

In January 2001, Interfaith hired Powers. Powers's attendance was acceptable from 2001 to 2005. Between August 2005 and January 11, 2006, Powers was absent from work for thirty-five-and-one-half days on non-FMLA leave. Powers was absent for an additional eighty-five days for leave taken under the FMLA between January 12, 2006, and April 7, 2006. After a four-day absence in May 2006, Interfaith terminated Powers for absenteeism. Powers's position was absorbed by three individuals who were forty-six, forty-nine, and fifty-two years of age at the time of Powers's termination. Powers was forty-nine-years old when she was fired.

Powers sued, alleging that Interfaith retaliated against her because she exercised her rights under the FMLA. Powers also alleged that Interfaith discriminated against her because of her race and gender in violation of Title VII, because of her age in violation of the ADEA, and because of her alleged disability in violation of the Americans with Disabilities Act (ADA). Powers voluntarily dismissed her claims under Title VII and the ADA. The district court granted summary judgment in favor of Interfaith on Powers's claims under the ADEA and FMLA. Powers timely appealed.

## II

We review the district court's grant of summary judgment de novo.[3] Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

---

[2] 29 U.S.C.A. §§ 621-634.

[3] *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).

law."[4] Any reasonable inferences are to be drawn in favor of the non-moving party.[5] "However, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'"[6] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[7] Because Powers produced only circumstantial evidence of discrimination, the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*[8] guides our inquiry.[9]

## A

To make a prima facie case for retaliation under the FMLA, a plaintiff must show that: (1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) she was treated less favorably than an employee who had not requested leave under the FMLA, or (3b) the adverse decision was made because she took FMLA leave.[10] "[T]he plaintiff does not have to show that the protected activity is the only cause of her

---

[4] F ED. R. CIV. P. 56(c).

[5] *Robinson v. Orient Marine Co. Ltd.*, 505 F.3d 364, 366 (5th Cir. 2007).

[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[8] 411 U.S. 792, 802 (1973).

[9] *See Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (applying the *McDonnell Douglas* rubric to FMLA claims); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000) (applying the *McDonnell Douglas* rubric to ADEA claims).

[10] *Elsensohn*, 530 F.3d at 372 (citations omitted).

termination."[11] Instead, the plaintiff need only show that "the protected activity and the adverse employment action are not completely unrelated."[12]

Powers has provided sufficient evidence to establish a prima facie case of discrimination under the FMLA. It is undisputed that Powers was authorized to take FMLA leave and was fired approximately one month after her return.[13] Additionally, Powers has provided unrebutted evidence that Interfaith characterized her FMLA leave as part of "Tina's absences." Because Interfaith claims that it terminated Powers due to excessive absenteeism, Interfaith's characterization of her FMLA leave provides a causal link between Powers's FMLA leave and her termination.

Because Powers has provided sufficient evidence to establish a prima facie case, the burden of production shifts to Interfaith to proffer a legitimate nondiscriminatory reason for its decision.[14] Interfaith's stated reason for Powers's termination—absenteeism—is a legitimate nondiscriminatory reason for its decision. Interfaith's employee manual states that excessive absenteeism will result in disciplinary action up to and including immediate termination. Powers missed thirty-five-and-one-half days for non-FMLA leave over a span of six months and another four days in the month following her FMLA leave.

Because Interfaith has stated a nondiscriminatory reason for its decision, Powers must show by a preponderance of the evidence that Interfaith's reason

---

[11] *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006).

[12] *Id.*

[13] *See id.* ("When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the FMLA leave, and the termination.").

[14] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001) (applying the *McDonnell-Douglas* framework to claims of retaliatory discharge under the FMLA).

is a pretext for retaliation.[15] The record shows that Interfaith terminated Powers one month after she returned from FMLA leave. The final event leading to her termination was a single absence of four consecutive days due to a severe spider bite. Powers has provided evidence that her immediate supervisor approved this final absence. Further, Powers provides evidence that Interfaith utilized its progressive disciplinary program with other employees but did not use this program in Powers's case. Unlike in *Mauder v. Metropolitan Transit Authority,* in which the employer had already instituted disciplinary measures for excessive tardiness before the plaintiff took FMLA leave,[16] Interfaith admits that it did not reprimand Powers for taking leave for which she was not eligible between August 2005 and January 11, 2006. Examining the evidence presented in the light most favorable to Powers, we conclude that a genuine issue of material fact exists as to whether Interfaith's purported reason was what actually motivated it to terminate Powers.[17] Therefore, we vacate the district court's grant of summary judgment on Powers's FMLA claim.

**B**

Powers also contends that the district court erred in granting summary judgment on her ADEA claim. "To make out a prima facie case of discriminatory treatment based on age, the plaintiffs are required to prove: (1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger

---

[15] *Hunt*, 277 F.3d at 768.

[16] 446 F.3d at 583 (affirming the district court's conclusion that the plaintiff failed to make the requisite showing that the employer's stated reason for discharging him was mere pretext for retaliation).

[17] *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) ("[A] plaintiff can avoid summary judgment and judgment as a matter of law if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer . . . ."), *overruled on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)."[18] The parties agree that Powers satisfies the first three elements to establish a prima facie case. However, Powers fails to satisfy the fourth element.

Powers was not replaced by someone outside of the protected class. Instead, Powers's position was absorbed by three individuals who were over forty years of age.[19] Thus, we need only determine whether Powers was treated less favorably than similarly situated younger employees.

In her initial disclosures, Powers claims that twelve people were treated better than her. Of these twelve, seven are forty-years old or older. Therefore, by Powers's own account, Interfaith treated both younger and older employees better than her. Powers also claims that Interfaith failed to follow the normal disciplinary procedures before terminating her because Interfaith did not use its progressive discipline policy, Employee Assistance Program, or Corrective Action Plan. Yet, Powers does not assert that these procedures were utilized for younger workers but not for older ones.[20]

Further, the evidence fails to show that any of the people Powers listed as being treated better than her were similarly situated.[21] In her "List of Employees Treated Better," Powers does not provide the ages of any of the

---

[18] *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003).

[19] *See* 29 U.S.C. § 631(a) (stating that the protections in the ADEA are limited to individuals who are at least forty years of age).

[20] *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000) ("There was no evidence, for example, that United Companies . . . complied with standard disciplinary procedures when filing reports on younger workers but flouted them when it came to [the plaintiffs].").

[21] *See Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007) ("In disparate treatment cases, the plaintiff-employee must show 'nearly identical' circumstances for employees to be considered similarly situated." (quoting *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 210 (5th Cir. 2004))).

persons listed; instead, she describes several of the persons as being "substantially younger." Powers also fails to detail the number of absences for each employee or the time period in which these absences occurred, except in one case in which she states that the person was absent for a single period of more than thirty days after having a miscarriage. Additionally, Powers described the positions of only three employees. Of the two employees with a similar position as pre-employment screeners, Powers does not allege that these employees missed work; she complains only that they worked from home. Also, six of the listed employees left Interfaith of their own volition and only two employees were terminated for unlisted reasons. Finally, Powers does not detail the tenure of the employees except in one circumstance not similar to Powers. Such anecdotal evidence does not place any of these current and former employees in a similar situation as Powers.[22]

Because Powers fails to present evidence that creates a genuine issue of material fact as to whether she proved that she was replaced by someone younger or treated less favorably than similarly situated younger employees, Powers's ADEA claim fails.[23]

---

[22] *See Wyvill*, 212 F.3d at 302-03 ("This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether age was a determinative factor in the plaintiff's discharge.").

[23] *See Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 641 n.9 (5th Cir. 1985) ("In the employment discrimination context, a prima facie case is established if the plaintiff merely satisfies the standing requirements of the ADEA and presents evidence of differential treatment of younger and older employees. Given these minimal requirements, the failure to establish a prima facie case generally means that there are no material facts at issue."), *overruled on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 513 (1993).

\*      \*      \*

We AFFIRM in part, VACATE in part, and REMAND for further proceedings.