**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50868

DON MANLEY

Plaintiff-Appellant

v.

HANFORD DEVELOPMENT INC

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-1082

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Don Manley appeals from the district court's order granting summary judgment to Hanford Development in Manley's suit for breach of contract. Manley sought the return of escrow funds deposited in connection with an option contract to purchase real property. Reviewing the district court's order *de novo*, *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007), we AFFIRM the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Manley contends that because the option expired without being exercised, there was no contract in existence when the parties attempted to extend the closing deadline in the Addendum, and he received no consideration for his $100,000 deposit, thereby rendering the Addendum unenforceable as a matter of law. We disagree. The Addendum specifically provides that the $100,000 deposit was consideration for extending the closing date of the transaction. It further specifically provides that all provisions of the original agreement not addressed in the Addendum remain in full force and effect. Even if the initial option period expired, the parties essentially agreed to a new contract by executing the Addendum with a new closing deadline and incorporating the remaining terms of the original agreement. The Addendum gave Manley an additional 60 days to close the transaction in return for the additional escrow amount. The requirements for a valid contract were met. *See, e.g., Roman v. Roman*, 193 S.W.3d 40, 50 (Tex. App. 2006) (holding that a valid contract requires an offer, acceptance, a meeting of the minds, consent to the terms, execution and delivery with the intent that the contract be mutual and binding, and consideration). When Manley defaulted by failing to close within the new deadline, he was liable for the liquidated damages.

AFFIRMED.