# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 31, 2012

No. 11–30539
Summary Calendar

Lyle W. Cayce
Clerk

GLENDA BILLIOT, individually and as personal representative of decedent Tilden N. Billiot, Sr.,

Plaintiff - Appellant

v.

BOH BROTHERS CONSTRUCTION COMPANY, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-7510

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Glenda Billiot, Plaintiff-Appellant ("Billiot"), appeals the district court's grant of summary judgment in favor of Boh Brothers Construction Co., LLC, the Defendant-Appellee ("Boh Brothers") in her Longshore and Harbor Workers'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11–30539

Compensation Act ("LHWCA") case arising out of the death of her husband.[1] She simultaneously appeals the denial of her Rule 59(e) motion.  We AFFIRM.

The district court granted Boh Brothers' motion for summary judgment because Billiot failed to provide any factual support or expert testimony to support her theory of the case: that vessel negligence occurred because "[i]f the vessel had been able to pull Mr. Billiot immediately out of the water and provide first aid . . . Mr. Billiot would not have drowned."  On appeal, Billiot asserts (1) the district court erred in failing to apply the Pennsylvania rule and/or negligence per se rule regarding violations of safety rules, which would have placed the rebuttable presumption of negligence upon Boh Brothers; (2) vessel negligence caused in whole or in part her husband's injuries; and (3) she provided competent evidence to show a genuine issue of material fact for trial.

Billiot's first argument lacks merit.  The district court acknowledged this argument but rejected it implicitly through its finding that Billiot had not properly shown any genuine issue of fact as to vessel negligence, a threshold requirement of her LWHCA claim.  *See* 33 U.S.C. § 905 (providing injured longshore workers with a remedy for harms caused by a vessel); *Robinson v. Orient Marine Co. Ltd.*, 505 F.3d 364, 365 (5th Cir. 2007).  With evidence of vessel negligence lacking, the district court did not need to reach this argument.  Neither do we.

Billiot's second and third issues on appeal, which are closely related, also lack merit.  The district court dismissed Billiot's vessel negligence claim because of her failure to introduce evidence that her husband's accident indeed involved a vessel.  On appeal, Billiot presses evidence of her husband's physical condition. None of Billiot's arguments on appeal properly target the district court's finding.

We therefore AFFIRM in full.

---

[1] Billiot's husband worked for Boh Brothers on marine construction projects connecting New Orleans and Slidell, Louisiana.