PER CURIAM: *
The petition for panel rehearing is DENIED and the following is substituted in place of the previous opinion. U.S. United Ocean Services, L.L.C. (“United”) appeals the district court’s grant of summary judgment to St. Paul Fire and Marine Insurance Company (“St. Paul”) in this insurance coverage dispute. For the reasons set forth below, we AFFIRM.
United entered into a General Services Agreement (“GSA”) with Buck Kreihs Company, Inc. (“Buck Kreihs”) under which Buck Kreihs would perform ship-repair work for United.[1] The GSA contained an indemnity provision in which Buck Kreihs agreed to indemnify United for all liabilities arising out of or related in any way to the work or services performed by Buck Kreihs for United or to Buck Kreihs’s presence on United’s property. The indemnity agreement applied even if the liability at issue was partially caused by United’s fault or negligence; however, it did not apply to liability caused solely by United’s fault or negligence. The GSA also required Buck Kreihs to procure a general liability policy and to name United as an additional insured under that policy.
St. Paul issued a general marine liability policy in which Buck Kreihs is the “Named Insured.” The policy also provides that an additional insured is defined as “any ... organization whom the Named Insured is required to add as an additional insured” under a written contract. It is undisputed that United is an additional insured under the policy.
Paul Holden, an employee of Buck Kreihs, was injured while preparing to remove a gangway that led from a dock at a Buck Kreihs’s facility to the M/V BARGE BARBARA VAUGHT, a barge owned and operated by United. Pertinent here, Holden and his wife sued United, which made a demand upon St. Paul for indemnity, defense, and coverage as an additional insured. After initially proffering a defense, St. Paul denied coverage under the policy’s Watercraft Exclusion, described below. United and the Holdens settled, leaving only this third-party suit to determine whether St. Paul owes coverage. The district court granted summary judgment to St. Paul, and United timely appealed.
“We review a grant of summary judgment de novo, applying the same standards as the district court.” Johnson v. Seacor Marine Corp., 404 F.3d 871, 874 (5th Cir.2005) (citing Taita Chem. Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir.2001)). “Summary judgment is appropriate when the record discloses that no genuine issue of material fact ex *273 ists and that the movant is entitled to judgment as a matter of law.” Travelers Lloyds Ins. Co. v. Pac. Emp’rs Ins. Co., 602 F.3d 677, 681 (5th Cir.2010); see also Fed.R.Civ.P. 56(a). “Any reasonable inferences are to be drawn in favor of the non-moving party.” First Am. Bank v. First Am. Transp. Title Ins. Co., 585 F.3d 833, 837 (5th Cir.2009) (citing Robinson v. Orient Marine Co., Ltd., 505 F.3d 364, 366 (5th Cir.2007)). “Because the interpretation of an insurance policy is a question of law, we review the district court’s determination de novo.” First Am. Bank, 585 F.3d at 837 (citing Principal Health Care of La., Inc. v. Lewer Agency, Inc., 38 F.3d 240, 242 (5th Cir.1994); Bonin v. Westport Ins. Corp., 930 So.2d 906, 910 (La.2006)).
Under Louisiana law, an insurance policy “is construed as a whole and each provision in the policy must be interpreted in light of the other provisions so that each is given meaning.” Peterson v. Schimek, 729 So.2d 1024, 1029 (La.1999). A policy “should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms.” Id.
We discern two possible ways in which there could be coverage for the Holden settlement: (1) if Buck Kreihs were liable via its indemnity, then United would sue Buck Kreihs which in turn would seek coverage from St. Paul as the named insured; or (2) if the Holdens’ claims against United were covered by the policy pursuant to United’s status as an additional insured under the policy — the policy thereby insuring United directly for its own liability. For different reasons, neither of these approaches results in reversal in United’s favor.
The first option can be dispatched relatively quickly. The parties agree and we conclude that section 905(b) of the Long-shore and Harbor Workers’ Compensation Act voids Buck Kreihs’s agreement to indemnify United. See 33 U.S.C. § 905(b). The general insuring clause of the policy extends coverage only to those obligations that the insured “shall become legally obligated to pay.” Since Buck Kreihs cannot, as a matter of law, be “legally obligated to pay” the Holdens’ claims against United, the policy’s coverage provision does not encompass Buck Kreihs’s attempted assumption of liability as to these claims. In other words, St. Paul can assert Buck Kreihs’s defense to liability to United in this scenario. The insured-contract exception to the Watercraft Exclusion is of no effect under this scenario because Buck Kreihs is not “legally obligated to pay” United in the first instance. An exception to an exclusion cannot create coverage that does not otherwise exist. See Colum. Cas. Co. v. Ga. & Fla. RailNet Inc., 542 F.3d 106, 112 (5th Cir.2008); Carrier v. Reliance Ins. Co., 759 So.2d 37, 40 (La.2000). United does not dispute this analysis.
Instead, United argues that it is entitled to coverage because it is an additional insured. For its part, St. Paul concedes that United is an additional insured but contends that the Watercraft Exclusion applies:
SECTION II: GENERAL LIABILITY COVERAGES
Coverage A: Bodily Injury and Property Damage
2. Exclusions:
* * *
This insurance does not apply to:
(5) Watercraft
*274 “Bodily injury” or “property damage” arising out of the ownership or operation of any watercraft:
(a) Owned by an insured;
(b) Chartered, leased, rented, or loaned to an insured.
This exclusion does not apply to:
(c) Liability assumed under an “insured contract”, but only that portion of the “insured contract” under which the “Named Insured” assumes the tort liability of another party for “bodily injury” or “property damage” to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
In turn, United does not rebut the applicability of the Watercraft Exclusion[2] but posits that the exception in subpart (c) above removes the effect of the exclusion. This contention is the crux of the parties’ dispute.
According to its plain language, the exception only applies to that liability that the named insured (Buck Kreihs) assumed under an insured contract. The exception does not apply in this case because United does not seek coverage as an injured claimant against Buck Kreihs as insured under the policy for “[ljiability assumed under an ‘insured contract’ ”; rather, United seeks coverage as an additional insured directly under the policy for its own liability to the Holdens. Put differently, the exclusion plainly states that it only applies to a specific type of liability, which United is not subject to and is not seeking coverage for under the policy. Additionally, United is not the named insured, and the plain language of the exception states that it applies to liability that “the ‘Named Insured’ assumes.”[3]
United’s argument fails because it conflates the two means by which the policy could potentially apply to the Holdens’ *275 claims against United. It thus assumes that the exception to the Watercraft Exclusion is triggered when an insured contract is present between the named insured and an additional insured. Reading the policy in this manner, however, overlooks the structure of the policy and the operative language in the exception that makes it clear that it only “applies] to.... [[liability assumed under an ‘insured contract.’ ” For this same reason, the cases United cites are inapposite. They deal with the question whether the unenforceability of an indemnity provision prevents a party from being an additional insured. See Gilbane Bldg. Co. v. Admiral Ins. Co., 664 F.3d 589, 594-96 (5th Cir.2011); Mid-Continent Cas. Co. v. Swift Energy Co., 206 F.3d 487, 492-95 (5th Cir.2000); Voisin v. O.D.E.C.O. Drilling Co., 744 F.2d 1174, 1176-79 (5th Cir.1984).[4] This is not an issue in dispute in this case; the parties agree that United is an additional insured under the policy. Understanding that United is an additional insured, the issue remains whether the insured-contract exception to the Watercraft Exclusion applies. Since United in its role as an additional insured does not seek coverage for liability assumed under an insured contract by the named insured, the exception to the Watercraft Exclusion clearly does not apply.
While “equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer,” this rule of strict construction applies only if the language of the exclusion is ambiguous. Henry v. S. La. Sugars Coop., 957 So.2d 1275, 1278 (La.2007) (quoting Bonin, 930 So.2d at 911). We may not “strain to find such ambiguities, if, in so doing, [we] defeat probable intentions of the parties. This is so even when the result is an apparently harsh consequence to the insured.” Sharp v. Fed. Sav. & Loan Ins. Corp., 858 F.2d 1042, 1045 (5th Cir.1988) (citation and internal quotation marks omitted). Here, the Watercraft Exclusion unambiguously applies and its insured-contract exception plainly does not encompass the liability at issue. We may not strain to find otherwise. Accordingly, as the district court concluded, the Watercraft Exclusion excludes from coverage the Holdens’ claims against United. Therefore, we AFFIRM.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cm. R. 47.5.4.

. The policy was originally procured by TECO Ocean Shipping, Inc. ("TECO”). After the policy was procured but before Paul Holden was injured, TECO changed its corporate structure and also changed its name to U.S. United Ocean Services, L.L.C. For the sake of clarity, this opinion refers both to U.S. United Ocean Services, L.L.C. and to its predecessor-in-interest TECO as "United.”

. The watercraft exclusion states that it applies to " '[bjodily injury’ or 'property damage’ arising out of the ownership or operation of any watercraft ... [ojwned by an insured.” In a footnote, United mentions that testimony in the record creates an issue of fact as to whether the exclusion was meant to apply only to watercraft owned by Buck Kreihs, the named insured. United has waived this issue by inadequately briefing it and relegating it to a footnote. See Bridas S.A.P.I.C. v. Gov’t of Turkm., 345 F.3d 347, 356 n. 7 (5th Cir.2003). Even so, the exclusion unambiguously refers to watercraft owned by an insured — not simply the named insured- — and there is no dispute that United is an insured under the policy and that it owned the watercraft at issue. The testimony that United refers to cannot be used to create an ambiguity where none exists in the policy. See Shocklee v. Mass. Mut. Life Ins. Co., 369 F.3d 437, 440 (5th Cir.2004).

. The language of the insured-contract exception to the Watercraft Exclusion thus demonstrates that it was designed to protect the named insured against liability that it assumed under an insured contract. It was not designed to provide watercraft coverage to an additional insured. In this regard, the dissenting opinion recognizes that, if the GSA’s indemnity provision was enforceable, the exception would serve to insure Buck Kreihs for the liability that it assumed on behalf of United. We do not suggest that the unenforceability of the GSA's indemnity provision changes the meaning of the insured-contract exception. Instead, it precludes the exact type of liability to which the exception applies. As stated above, because Buck Kreihs is not subject to liability assumed under the GSA, the policy does not apply to such liability in the first instance: it only applies to obligations that the insured “shall become legally obligated to pay.” Conversely, while United is an additional insured under the policy and may be legally - obligated to pay the Holdens' claims, the insured-contract exception does not apply to United’s liability to the Holdens because United is not the named insured and is not subject to "[ljiability assumed under an ‘insured contract.’ ”

. In Gilbane and Swift we faced the issue of whether a party ”qualifie[d] as an additional insured” under an insurance policy, which turned on whether coverage was "required by written contract or written agreement that is an ‘insured contract.’ ” Gilbane., 664 F.3d at 594; see also Swift, 206 F.3d at 491-92. This issue ultimately required deciding whether an unenforceable indemnity agreement constituted an "insured contract.” We held that that question "turns not on enforceability, but on whether [the named insured] agreed to 'assume the tort liability of another party.' " Gilbane, 664 F.3d at 596 (emphasis in original). This holding — that an unenforceable agreement to assume liability constitutes an insured contract — does not resolve the separate issue faced here of whether an exception to an exclusion for "[[liability assumed under an 'insured contract' ” encompasses an additional insured’s direct demand under a policy for its own liability.
Similarly, Voisin resolved the distinct question, not at issue in this case, of whether an additional insured provision is invalidated by section 905(b) of the Longshore and Harbor Workers’ Compensation Act. See 744 F.2d at 1177.