# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2016

Lyle W. Cayce
Clerk

FLORENCE ANYAFULU,

> Plaintiff - Appellant

v.

EQUICREDIT CORPORATION OF AMERICA; SELECT PORTFOLIO SERVICING, INCORPORATED,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2901

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant home-owner filed suit against Defendants-Appellees seeking to enjoin foreclosure proceedings on her residential property. The district court granted summary judgment in favor of Defendants-Appellees and dismissed Plaintiff-Appellant's claims. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20180

## I. Facts & Procedural History

In 1997, Plaintiff-Appellant Florence Anyafulu executed a promissory note (the "Note") in the amount of $80,750, and a deed of trust (the "Deed") in favor of EquiCredit Corporation of Texas, to secure a residential property (the "Property") located on Duchamp Drive in Houston, Texas. In October of 2010, after expressing concern over her ability to pay her monthly loan installments, Anyafulu agreed to sign a loan modification agreement. The modification agreement provided an increased monthly payment amount to reflect a new principle balance of $94,580.06, to account for unpaid interest, taxes, insurance premiums, and other expenses relating to the original Note.

In 2012, EquiCredit Corporation of Texas assigned the Note to the current lender, Defendant-Appellee EquiCredit Corporation of America. Defendant-Appellee Select Portfolio Servicing, Inc. ("Select") then became the mortgage servicer for the loan. In June 2014, Select sent Anyafulu a notice of default stating that she had failed to make the requisite loan payments and as a result, she would be required to pay $57,020.92 to cure the default. When the debt remained outstanding a few months later, Select retained a debt collection firm who notified Anyafulu that, due to her continued failure to cure the default on the loan, Defendants-Appellees had elected to accelerate the maturity of the debt and initiate foreclosure sale proceedings on the Property.

Then on October 6, 2014, Anyafulu filed suit in Texas state court seeking to enjoin the foreclosure proceedings and asserting claims against Defendants-Appellees for breach of contract, fraud and fraudulent misrepresentation, breach of good faith and fair dealing, violations of the Deceptive Trade Practices Act ("DTPA"), and requesting an accounting. Defendants-Appellees removed the case to federal district court and moved to dismiss the suit. On June 3, 2015, the district court denied Defendants-Appellees' motion to dismiss and ordered Anyafulu to amend her complaint. After Anyafulu filed her first

amended complaint on June 24, 2015, Defendants-Appellees moved for summary judgment and for judgment on the pleadings. The district court granted Defendants-Appellees' motion for summary judgment and dismissed Anyafulu's suit in its entirety.

In its order, the district court reasoned that Defendants-Appellees were entitled to summary judgment on the breach of contract claim because Anyafulu failed to present any type of evidence documenting that Defendants-Appellees breached the terms of the loan. The district court then determined that Anyafulu's fraud and fraudulent misrepresentation claims were barred by the economic loss rule. It further held that her claims asserting breach of good faith and fair dealing failed because there was no duty of good faith and fair dealing imposed on the lender in a debtor-creditor relationship. Finally, because Anyafulu lacked standing as a consumer under the DTPA, she was barred from obtaining relief under the Act. Additionally, because she could not point to a legal theory or claim, or a contractual provision, entitling her to an accounting, the district court denied her request for one.

This appeal ensued.

## II. Standard of Review

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015) (citation omitted). Summary judgment is appropriate if the record evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Robinson v. Orient Marine Co.*, 505 F.3d 364, 366 (5th Cir. 2007); Fed. R. Civ. P. 56(a). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *See Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003)

No. 16-20180

(citation omitted). "[R]easonable inferences are to be drawn in favor of the non-moving party." *Robinson*, 505 F.3d at 366 (citation omitted).

### III. Discussion

On appeal, Anyafulu first argues that the district court erred in dismissing her breach of contract claim against Defendants-Appellees. According to the district court's written order, "Anyafulu has not attached any evidence to her responses even documenting increases in payment that she alleges violates the loan's terms." Anyafulu claims that the district court's observation is in error and she points to an attachment to her first amended complaint where the Deed is detailed. Therein, the terms indicate that she is entitled to 21 days' notice in writing prior to the sale of the Property. She claims that Defendants-Appellees' failure to give her the requisite notice is at least one example of their breach of the terms of the contract that she provided in the proceedings below sufficient to defeat summary judgment.

"In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (alterations and internal quotation marks omitted).

Although Anyafulu claimed that her default on the loan payments was excused by Defendants-Appellees' own breach of the terms of the Note, presumably by accelerating the terms of the Note and instituting foreclosure proceedings, she failed to present any documentary evidence supporting these claims. Though she alleges that she did not receive the requisite 21 days' written notice prior to the sale of the Property, the record reflects that she did receive notice of the anticipated sale in September 2014, and the Property, to date, remains unsold. Aside from the language in the Deed concerning the

4

requisite notice, which does not reveal a contractual breach by Defendants-Appellees, Anyafulu has provided no other evidence to support her breach of contract claims.   Consequently, Anyafulu's allegations that Defendants-Appellees breached the contract are no more than "unsubstantiated assertions" and thus insufficient "to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541.  We therefore hold that the district court did not err in dismissing Anyafulu's breach of contract claims.

Anyafulu also argues on appeal that the district court erred in dismissing her claims against Defendants-Appellees for fraud and fraudulent representation.  She claims that Defendants-Appellees promised her orally and in writing that as long as they were engaging in the modification process of the terms of the loan, her property "was safe."  She points to a letter sent by Select in September 2014 indicating that no foreclosure sale would be conducted within a 30-day period.  She advances that this was a fraudulent misrepresentation because approximately two weeks later, when she remained in default on her loan payments, Defendants-Appellees accelerated the terms of the loan and began planning foreclosure proceedings.

As the district court correctly recognized, "Texas courts follow the economic loss rule which generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 292 (5th Cir. 2016) (alterations and internal quotation marks omitted).   Here, Anyafulu's fraudulent misrepresentation claim rests on her allegation that Defendants-Appellees modified the terms of the loan by indicating that they would not accelerate or initiate foreclosure proceedings while she was undergoing the loan modification process.  As the district court correctly reasoned, Anyafulu's claims involving Defendants-Appellees' alleged modification of the terms of

No. 16-20180

loan "sound[] only in contract." *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991) ("When the injury is only the economic loss to the subject [matter] of a contract itself the action sounds in contract alone."). This is because liability would only arise if Defendants-Appellees' conduct constituted breach[1] of the parties' loan agreement. *Shakeri*, 816 F.3d at 292. Thus, the district court properly concluded that her fraudulent misrepresentation claims are barred by the economic loss rule because the alleged loss complained of is the subject matter of the loan agreement, or contract, between the parties. *DeLanney*, 809 S.W.2d at 494–95. Accordingly, the district court did not err in dismissing Anyafulu's claims for fraud and fraudulent misrepresentation.[2]

## IV. Conclusion

For the aforementioned reasons, we affirm the district court's summary judgment in favor of Defendants-Appellees.

---

[1] Nothing in this opinion should be construed as a conclusion that Defendants-Appellees breached the terms of the parties' loan agreement.

[2] Anyafulu does not include in her appellate brief any arguments relating to the district court's dismissal of her claims against Defendants-Appellees for breach of good faith and fair dealing, its dismissal of her claims pursuant to the Deceptive Trade Practices Act, or its denial of her request for an accounting. Accordingly, she has waived her right to appeal those issues. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").