# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

No. 19-30626
Summary Calendar

Lyle W. Cayce
Clerk

EARL P. THOMPSON,

Plaintiff - Appellant

v.

RYAN ZINKE, SECRETARY, U.S. DEPARTMENT OF THE INTERIOR,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-17542

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Earl Thompson appeals the district court's order granting summary judgment to the Department of the Interior regarding his Title VII claims. Thompson asserts that racial discrimination was to blame for the fact that the Department of the Interior hired another candidate to fill a position for which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30626

Thompson interviewed. For the following reasons, we AFFIRM the district court's judgment.

## I.

In September 2015, Thompson and three other candidates applied for a petroleum-engineering-technician position with the Commingling and Measurement Approval Unit (C&MA Unit), which is located within the Department of the Interior's Bureau of Safety and Environmental Enforcement. The C&MA Unit relies heavily on pipeline data and generally does not conduct physical inspections or verify measurements in the field. The C&MA Unit supervisor, Kelly Johnson, interviewed each of the four candidates.

Johnson ultimately selected Rose Hampton for the position. Shortly thereafter, Johnson drafted a memo explaining his reasoning. That memo stated that Hampton had six years of relevant experience "in the Pipeline Section," which was considered "advantageous" due to the C&MA Unit's "heavy use[] of pipeline data." The memo also stated that, "[u]nlike the other candidates, [Hampton] uses ArcGIS in her current job" and therefore "should be well prepared to learn how to use it for the maintenance of our pipeline commingling table and for the verification of this data using pipeline system maps." In addition, Hampton was "familiar with the process for correcting pipeline data." In total, Johnson believed that "[t]his experience should make her transition to the C&MA Unit an easy one."

Thompson's work experience was different from Hampton's in two important respects. First, he had thirty-eight years of experience in various positions within the Bureau of Safety and Environmental Enforcement, though he did not have any pipeline experience. Second, he lacked recent training in ArcGIS.

No. 19-30626

Thompson filed suit against the Department of the Interior in the United States District Court for the Eastern District of Louisiana. Thompson alleged that the department discriminated against him on account of his race in violation of Title VII of the Civil Rights Act by selecting Hampton, a Caucasian female with less seniority, expertise, and experience. The district court granted summary judgment in favor of the Department of the Interior, and Thompson appealed.

## II.

The district court correctly granted the department's motion for summary judgment. "We review a district court's grant or denial of summary judgment *de novo,* applying the same standard as the district court." *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015) (quoting *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007)). "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Robinson*, 505 F.3d at 366 (quoting Fed. R. Civ. P. 56(c)).

## A.

Title VII is designed "to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). A plaintiff lacking direct evidence must "provid[e] circumstantial evidence sufficient to raise an inference of discrimination," in which case we "apply the *McDonnell Douglas* burden-shifting framework." *Thomas*, 788 F.3d at 179.

"Under this framework, the plaintiff must make a *prima facie* showing of discrimination." *Id.* If the plaintiff does so, the "employer must articulate a

legitimate, non-discriminatory reason for the adverse employment action." *Id.* (internal quotation marks omitted). This "burden is only one of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). If the employer meets this burden, the plaintiff must then "show the articulated reason is pretextual." *Thomas*, 788 F.3d at 179. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks omitted). In addition, the employee "must rebut each discrete reason proffered by the employer." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015).

## B.

The department's articulated reason for hiring Hampton instead of Thompson was not pretextual. Soon after making his decision, Johnson documented his reasons for selecting Hampton: Hampton had Pipeline Section experience and up-to-date expertise with ArcGIS. Thompson had neither of those qualities, and his "extensive experience inspecting offshore platforms and pipeline systems," is less relevant to a position primarily concerned with data management. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (concluding that differences in qualifications are generally not probative evidence of discrimination "[u]nless the qualifications are so widely disparate that no reasonable employer would have made the same decision" (citation omitted)). While Thompson spent more years working in the oil-and-gas industry than Hampton, those years—which did not include any time in the Pipeline Section—did not necessarily make him better qualified. *See id.* (rejecting an attempt to equate years served with superior qualifications).

The other pretext evidence that Thompson points to is a statement in Hampton's deposition indicating that she does not "know much about

No. 19-30626

pipelines" and how they generally operate in the oil industry. It is not apparent, however, that general familiarity with pipelines—as opposed to familiarity with pipeline data—was required for the technician position that Hampton filled. Accordingly, we conclude that the rationale for hiring Hampton was not pretextual and that the district court's decision to grant summary judgment was correct.

## IV.

For the foregoing reasons, we AFFIRM the district court's judgment.