# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2022

Lyle W. Cayce
Clerk

No. 22-30100
Summary Calendar

Brenda R. Blalock,

*Plaintiff—Appellant*,

*versus*

Union Pacific Railroad Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
Western District of Louisiana
USDC No. 1:19-CV-1160
_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

This action arises from Union Pacific Railroad Company's ("Union Pacific") alleged failure to unblock a railroad crossing for an ambulance that was transporting decedent Leo H. Blalock ("Leo") to the hospital. Leo's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30100

wife, Brenda R. Blalock ("Brenda") appeals the district court's grant of summary judgment. We affirm.

## I. Facts & Procedural History

Around 1:00 p.m. on June 27, 2019, Brenda was at her home in Bunkie, Louisiana when she noticed that her husband Leo was "white as a sheet" and unresponsive. She called 911 and minutes later the Bunkie Fire Department arrived. The Acadian Ambulance followed shortly thereafter. The paramedics placed Leo in the ambulance, but he initially refused to go to the hospital. After some discussion, he eventually complied. Although Bunkie General Hospital ("Bunkie General") was closest—just under three minutes from the Blalocks' home—the paramedics determined Bunkie General could not provide the type of care Leo required, and instead, he needed to go to Rapides Regional Medical Center ("Rapides Regional"), in the city of Alexandria. The ambulance left the home at about 1:58 p.m. The plan was to drive Leo to a helipad that was located outside of Bunkie General where he would be transported by helicopter to Rapides Regional, but that plan quickly changed.

Union Pacific operates a railroad train that was stopped on a side track in Bunkie. En route to the helipad, paramedics noticed the railroad crossings were blocked. The paramedics did not wait and rerouted towards Alexandria. Thereafter, the fire department arranged for the new helicopter pick-up location to be at a landing zone intercept in Alexandria. Approximately eight minutes after the ambulance departed from the Blalocks' home, the ambulance and the helicopter met at the new landing zone intercept, and Leo was flown to Rapides Regional.

Meanwhile, minutes after the ambulance rerouted, a firefighter contacted Union Pacific and reported that an ambulance was unable to cross the tracks. Union Pacific points to evidence that a train dispatcher arranged

2

to break the train. Brenda, on the other hand, alleges she was told that Union Pacific advised the fire chief or the police that they were "resting" and would not break the train. Nevertheless, the train was broken at 2:23 p.m., but by that time Leo was already with the helicopter. Leo later died at Rapides Regional.

In August of 2019, Brenda and her children sued Union Pacific in state court for negligence. They argued that Union Pacific was negligent for (1) blocking the railroad crossing for an impermissible amount of time; (2) "fail[ing] to recognize the obvious need of an individual in an ambulance traveling to a hospital for emergency medical treatment"; and (3) showing "callous indifference to the suffering of another human being by failing to move the train and/or make a break in the train which would allow passage to obtain critical emergency medical treatment." Union Pacific then removed the case to federal court based on diversity jurisdiction. Thereafter, Union Pacific filed a motion for summary judgment arguing (1) that Brenda's negligence claims were preempted under the Interstate Commerce Commission Termination Act of 1995 (the "ICCTA"), 49 U.S.C. § 10101, *et seq.* and (2) lack of causation. Brenda and her children responded in opposition, only addressing the causation argument. The district court granted the motion, holding that any claim that the blocked railroad crossing contributed to Leo's death was preempted, including the negligence claims arising under state and local anti-blocking statutes and Union Pacific's internal operating rule. The district court declined to reach the causation argument. This appeal followed.

## II. STANDARD OF REVIEW

This court "review[s] a district court's grant of summary judgment *de novo*, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). Summary judgment is appropriate

No. 22-30100

"if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[R]easonable inferences are to be drawn in favor of the non-moving party." *Robinson v. Orient Marine Co.*, 505 F.3d 364, 366 (5th Cir. 2007). However, "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "We are not limited to the district court's reasons for its grant of summary judgment and may affirm the district court's summary judgment on any ground raised below and supported by the record." *Rogers v. Bromac Title Servs.*, *L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quotation and citation omitted).

## III. Discussion

It is well-settled that "the scope of appellate review on a summary judgment order is limited to matters presented to the district court." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005). For the first time on appeal, however, Brenda argues that (1) her simple negligence claims are not preempted under the ICCTA, (2) she was entitled to an evidentiary hearing prior to summary judgment, and (3) that the ICCTA violates her Seventh Amendment right to a trial by jury. The record does not indicate that these arguments were ever presented to the district court, and Brenda did not mention preemption in response to Union Pacific's summary judgment motion. As a result, we hold that Brenda forfeited these arguments. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

Nevertheless, summary judgment is also proper because Brenda failed to show that Union Pacific caused Leo's injuries. Under Louisiana negligence law, she must show that "the defendant's substandard conduct was a cause in fact of [his] injuries (the cause-in-fact element)." *Loiacano v. DISA Glob. Sols., Inc.*, 659 F. App'x 772, 775 (5th Cir. 2016) (per curiam)

4

(quotation and citation omitted). Brenda's primary argument is that if Union Pacific would have unblocked the crossing, Leo would have received medical care at Bunkie General that would have saved his life. As shown below, this contention is summarily rebutted by the evidence.

First, there is insufficient evidence to support Brenda's argument that Leo would have received life-saving care at Bunkie General. To the contrary, the paramedics made the decision that Bunkie General could not render the type of care Leo needed before leaving the Blalock's home. The paramedics were only headed to the helipad located outside of Bunkie General because it allowed them to transport Leo to Rapides Regional by helicopter. Brenda offers no evidence showing that Leo would have been admitted into Bunkie General and that the care he would have received would have been lifesaving. Instead, she relies solely on the testimony of Dr. L.J. Mayeux, M.D. a doctor not affiliated with Bunkie General or Acadian Ambulance. Dr. Mayeux testified that if Acadian Ambulance paramedics had the option, he was "certain" that "as he was deteriorating" they would have "checked him in the unit."[1] But this is mere speculation. Indeed, this assertion is contrary to the paramedic's own testimony that Bunkie General could not provide him the medical care he needed.

Second, there is insufficient evidence to support Brenda's claims that Union Pacific caused a delay in Leo receiving medical care. The timespan from the Blalocks' home to the new rerouted landing zone was approximately eight minutes. Evidence shows that when the ambulance approached the railroad crossing and noticed it was blocked, paramedics immediately

---

[1] This argument is also misguided because the decision of which hospital to take Leo to does not implicate Union Pacific. The court notes that the district court already denied Brenda's motion to amend her pleadings to add the Acadian Ambulance as a defendant, and she cannot revive that effort here.

rerouted to Alexandria where the new landing zone and destination hospital were located. The paramedic testified that she did not "even waste like 30 seconds" and when asked did they wait at the track, she responded "[w]e didn't." The evidence also shows that Union Pacific was not notified about the emergency vehicle until *after* the ambulance had already rerouted. Therefore, at the time the ambulance needed to cross the railroad tracks, Union Pacific was not aware of Leo's emergency. And even if it were, it "would have been impossible" for the train to break within the "seconds" the paramedics were at the crossing. In the absence of sufficient evidence to the contrary, we conclude that Brenda has failed to show a genuine issue of material fact as to causation.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Union Pacific.