# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-50126

C & M AIR COOLED ENGINE, doing business as C & M Golf & Grounds Equipment,

Plaintiff-Appellant

v.

CUB CADET LLC; MTD PRODUCTS LLC; MTD CONSUMER GROUP INC,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CV-322

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

C&M Air Cooled Engine appeals the district court's grant of summary judgment to the defendants in its products liability suit. Reviewing the record *de novo*, *see Robinson v. Orient Marine Co. Ltd.*, 505 F.3d 364, 365 (5th Cir. 2007), we AFFIRM essentially for the reasons given by the district court.

The crux of the case turns on whether C&M can show that a defect in the defendants' mower caused the fire at its warehouse. The district court held that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

C&M's expert, David Mark Howell, was not qualified to opine that an electrical malfunction in the mower caused the fire and that C&M lacked evidence of any defect in the mower. We conclude that with or without Howell's opinion, C&M failed to raise a genuine factual issue to avoid summary judgment.

A plaintiff in a Texas products liability suit "must prove that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Often, expert testimony will be required to establish the plaintiff's claim. *See Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42–43 (Tex. 2007).

Here, the fire marshal found that the cause of the fire was undetermined and opined that an electrical engineer was necessary to determine whether a defect in the mower's electrical system caused the fire. Although not an electrical engineer, Howell opined that the fire resulted from an unspecified electrical malfunction in the mower. He repeatedly stated in his deposition, however, that he could not determine the cause of the fire and that he did not know the fire's point of origin (as opposed to the area of origin), the ignition source, or the first fuel. He also could not identify a specific defect in the mower. Howell's conclusion was based on his elimination of other potential causes of the fire, not on his knowledge or examination of the mower's electrical system. An electrical engineer who did examine the mower's electrical system stated that there was no evidence of electrical activity in the mower or of an electrical cause of the fire. Although Howell also pointed to the presence of melted copper as evidence of electrical activity in the mower, there was also evidence of melted copper on other mowers not manufactured by the defendants. Furthermore, C&M enlisted the assistance of an electrical expert to examine the mower, but that expert provided no opinion about the mower's electrical wiring. The

evidence fails to demonstrate a fact issue over whether there was a defect in the mower's electrical system.

C&M's reliance on *Shaun T. Mian Corp. v. Hewlett-Packard Co.*, 237 S.W.3d 851 (Tex. App. 2007), is unavailing. The court there held that an inference of a product defect "may be warranted from the malfunction of a relatively new or sealed product." *Id.* at 863. In that case, however, there was evidence that the allegedly defective printer was the only electrical device plugged in at the fire's origin and that the printer was capable of causing the fire. *See id.* at 865–66. Here, Howell provided no evidence of the mower's capability of causing the fire; instead, he admitted he was unqualified to discuss the mower's electrical system, and his opinion was purely speculative. *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (expert opinion must be "grounded in the methods and procedures of science and must be more than unsupported speculation or subjective belief"); *Ridgway*, 135 S.W.3d at 601 (evidence offered to prove a vital fact must "do more than create a mere surmise or suspicion of its existence").

Although Cub Cadet's expert testified hypothetically that a spark could occur if the battery cable came in contact with an uninsulated battery terminal, he also testified that there was no evidence of such an occurrence or of electrical activity in the mower's cables, and there was no evidence that such a spark, were it to occur, would have been sufficient to ignite the fire. We conclude that the district court did not err in granting summary judgment to the defendants.

AFFIRMED.