# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2015

Lyle W. Cayce
Clerk

No. 14-41388
Summary Calendar

JAMES MORRISON; CM CAPITAL, L.P.,

Plaintiffs - Appellants

v.

BRIAN FETTIG; VIC CRANFILL; LISA CRANFILL; KATHRYN JESTER;
TOM D. JESTER; CONTINENTAL CASUALTY COMPANY; LAKE
TEXOMA HIGHPORT, L.L.C., doing business as Highport Marina & Resort;
FEDERAL INSURANCE COMPANY; ASSURANT SPECIALTY PROPERTY,

Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-411

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

James Chad Morrison and CM Capital, L.P. (collectively "Morrison")
appeal a magistrate judge's order and judgment[1] denying Morrison's claim
under 46 U.S.C. § 30505 seeking exoneration or limitation of liability related

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] The parties consented to having a magistrate judge conduct all proceedings in
accordance with 28 U.S.C. § 636(c).

No. 14-41388

to a fire on Morrison's boat.    For the reasons that follow, we AFFIRM the judgment in all respects.

## I.  Background

On January 2, 2011, a fire broke out at a dock in the Highport Marina & Resort in Pottsboro, Texas that destroyed and damaged several boats as well as areas of the dock.  Michael Wright, a courtesy patrol officer employed by Highport Marina, first noticed the fire shortly after 2:00 a.m. while on patrol. Wright called 911, approached the dock, and noticed that the only boat on fire at the time was a vessel owned by Morrison (the "Morrison boat").  Wright attempted to fight the fire with a fire extinguisher, but it spread onto the wooden area of the dock that separated the Morrison boat from the boat moored in the next slip over, owned by Brian Fettig (the "Fettig boat").    The fire eventually reached the Fettig boat.

The fire department arrived on the scene at around 2:21 a.m.  One of the first responders was Captain Timothy Thomas, who stated that when he arrived, the Morrison boat was fully engulfed in flames while only about a quarter of the Fettig boat was on fire.  The fire was eventually contained, but both the Morrison boat and the Fettig boat sustained major damage.  Two other boats moored nearby—one owned by Lisa and Vic Cranfill and the other owned by Kathryn and Tom Jester—were also damaged.  The area of the dock between the Morrison and Fettig boats was burned, as was the tin roof covering the dock above the boats.

Morrison filed a complaint in the district court of the Eastern District of Texas seeking exoneration or limitation of liability under section 30505 of the Limitation of Liability Act.  Upon notice of the complaint, Claimants[2] who

---

[2] The Claimants are Brian Fettig and Continental Casualty Company; Kathryn and Tom Jester and Assurant Specialty Property; Lake Texoma Highport, L.L.C. and Federal Insurance Company; and Lisa and Victor Cranfill.

No. 14-41388

suffered property damage as a result of the fire answered and asserted claims. Before trial, all parties stipulated to the dollar amounts that each party suffered as a result of the fire and agreed that § 30505 governed the proceedings.

After a five-day bench trial, the magistrate judge found that the fire originated on the Morrison boat, crediting lay and expert testimony presented by Claimants. The magistrate judge also determined that Morrison's negligence was the proximate cause of the fire. He found Morrison was negligent in leaving on and unattended a space heater that was plugged into the damaged extension cord, and that Morrison used the space heater as a short-hand rendition of winterizing the boat to prevent the engine from freezing. Upon determining that Morrison's negligence caused the fire, the magistrate judge held that Morrison failed to meet his burden to show he lacked privity or knowledge of the negligent act as required to limit his liability under § 30505. He found that Morrison contributed to the damage of the extension cord that caused the fire, and that Morrison likely knew of the space heater's use on his boat. As a result, the magistrate judge rendered judgment and awarded the previously stipulated damages to the Claimants. Morrison timely appealed.

## II. Standard of Review

As with any bench trial, we review findings of fact for clear error and issues of law de novo. *Mid-South Towing Co. v. Exmar Lux* (*In re Mid-South Towing*), 418 F.3d 526, 531 (5th Cir. 2005). "Questions of fault, including determinations of negligence and causation, are factual issues, and may not be set aside on appeal unless clearly erroneous." *In re Omega Protein, Inc.*, 548 F.3d 361, 367 (5th Cir. 2008). We also review a denial of limited liability under § 30505 for clear error. *Id.* at 368. If the trier of fact's determination of the evidence is plausible in light of the record, we may not reverse the judgment

3

despite our conviction that, had we been sitting as the trier of the fact, we would have weighed the evidence differently. *See Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. Further, we give even greater deference to findings based on the credibility of witnesses. *Tokio Marine & Fire Ins. Co. v. FLORA MV*, 235 F.3d 963, 970 (5th Cir. 2001).

### III. Discussion

Under the Limitation of Liability Act, a vessel owner may limit his liability for maritime property damage to "the value of the vessel and pending freight." 46 U.S.C. § 30505(a). However, if opposing claimants can show that the vessel owner's negligence or the vessel's unseaworthiness proximately caused the damage, the burden shifts to the vessel owner to prove that he had no "privity or knowledge of the unseaworthy conditions or negligent acts." *Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 789 (5th Cir. 2003). While such claimants must show negligence and causation by a preponderance of the evidence, in fire cases, these elements are often established by circumstantial evidence due to the fire's destruction of physical evidence. *See Marquette Transp. Co. v. La. Mach. Co.*, 367 F.3d 398, 402 (5th Cir. 2004).

*A. Causation*

Morrison maintains that the magistrate judge clearly erred in finding that the damaged extension cord on Morrison's boat caused the fire. Morrison relies on *Rooney v. Nuta*, 267 F.2d 142, 147–48 (5th Cir. 1959), in which we reversed a district court's judgment denying the limitation of liability to a yacht owner when his yacht caught on fire and damaged a yacht basin and surrounding vessels. In *Rooney*, we judged an expert's testimony related to fire causation insufficient because it was based on "speculation or conjecture."

*Id.* at 147.   Morrison also points to *C&M Air Cooled Engine v. Cub Cadet LLC*, 348 F. App'x 968, 969 (5th Cir. 2009), in which we affirmed the district court's grant of summary judgment in favor of defendants in a products liability suit. In *C&M*, we held that a fire marshal's opinion that a fire resulted from an unspecified electrical malfunction in a lawnmower was insufficient to establish fire causation because he had repeatedly stated in his deposition that he could not determine the cause of the fire.  *Id* at 969.   Further, an electrical engineer who examined the mower's electrical system stated there was no evidence of an electrical cause of the fire.  *Id.*

Morrison's reliance on these cases is unavailing.[3]   Here, Wright consistently stated that only the Morrison boat was on fire when he arrived on the scene.  The magistrate judge credited the testimony of experts who stated, based upon the evidence, that the probable cause of the fire was the damaged extension cord on the Morrison boat, and other eyewitness testimony and physical evidence further corroborated this expert testimony.  While the full remains of the extension cord precluded the experts from definitively determining it caused the fire, fire causation often must be established through circumstantial evidence due to the fire's destruction of physical evidence.  *See Marquette Transp. Co.*, 367 F.3d at 402.  The magistrate judge's determination about the fire's cause is plausible in the light of the record as a whole, so we must conclude that the magistrate judge did not clearly err in determining that the damaged extension cord on Morrison's boat caused the fire.  *See Anderson*, 470 U.S. at 573–74.

---

[3] We conclude that the evidence (crediting the magistrate judge's credibility determinations) was not in "equipoise," and, therefore, we need not address the question of whether our decision in *United States v. Vargas-Ocampo*, 747 F.3d 299, 301–02 (5th Cir.), *cert. denied*, 135 S. Ct. 170 (2014), abandoning the "equipoise rule" in criminal cases applies to civil cases.

*B. Negligence*

Morrison also contends that the magistrate judge clearly erred in finding that Morrison was negligent in leaving the space heater on, unattended, and plugged into a damaged extension cord.  The magistrate judge concluded that Morrison used the space heater as a short-hand rendition at winterizing his boat, relying on evidence about Morrison's winterizing of his other boats and expert evidence from an electrical engineer.  The magistrate judge also found that Morrison's testimony relating to his prior use of the space heater was not credible; we give great deference to findings based on the credibility of witnesses.  *See Tokio Marine*, 235 F.3d at 970.  The magistrate judge did not clearly err in determining that Morrison was negligent in leaving a space heater connected to a damaged extension cord unattended on the Morrison boat.

*C.  Privity or knowledge*

Morrison argues that the magistrate judge clearly erred in concluding that Morrison had failed to meet his burden to show that he lacked any privity or knowledge of the negligence that caused the fire.  Whether a boat owner had privity or knowledge of a negligent act turns on the facts of each individual case.  *Hellenic Inc. v. Bridgeline Gas Distrib. LLC* (*In re Hellenic*), 252 F.3d 391, 395 (5th Cir. 2001).   Having privity or knowledge of a negligent act "implies some sort of complicity in the fault that caused the accident." *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991) (citation omitted).  The evidence presented by Morrison to show that he lacked any knowledge or privity was limited to his own testimony that he had never used the space heater and had never seen the extension cord.  The magistrate judge found Morrison's explanation was not credible based on Morrison's prior inconsistent statements.  As a result, the magistrate judge held that Morrison failed to meet his burden to show that he was not complicit in the fault that caused the

accident.[4] *See Brister*, 946 F.2d at 355.  A review of the record indicates that this was a plausible conclusion, and thus not clearly erroneous.  *See Anderson*, 470 U.S. at 573–74.

## IV. Conclusion

The magistrate judge did not clearly err in holding that Morrison's negligence caused the fire and that Morrison failed to meet his burden to show that he lacked privity or knowledge of this negligence.  The judgment is AFFIRMED.

---

[4] Morrison maintains that the magistrate judge clearly erred in concluding that Morrison was complicit in the negligence based in part on a finding that he personally abused the extension cord.  Morrison argues that this finding was based on inadmissible double hearsay relayed by the origin and cause expert.  We need not determine whether the magistrate judge erred in admitting this testimony.  The burden rested with Morrison to show he was *not* complicit in the negligent act, and the magistrate judge did not clearly err in concluding that Morrison failed to meet this burden.  *See Brister*, 946 F.2d at 355.