# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2012

No. 11–51094

Lyle W. Cayce
Clerk

JOSE ALEJANDRO ALONS IBARRA; CARLOS RODOLFO ALONSO SEGURA; SERGIO ANTONIO ALONZAO SEGURA; JUAN MANUEL BRISENO; ALI MARVIN CABRALES RODRIGUEZ; ET AL,

Plaintiffs - Appellants

v.

ORICA UNITED STATES OF AMERICA INCORPORATED; EXPLOSIVOS MEXICANOS S.A. DE C.V.,

Defendants - Appellees

--------------------------

ARMANDO ALONSO ALONSO; ET AL,

Plaintiffs - Appellants

v.

ORICA UNITED STATES OF AMERICA INCORPORATED; EXPLOSIVOS MEXICANOS S.A. DE C.V.,

Defendants - Appellees

--------------------------

FIDENCIO BARRON IRACHETA; ET AL,

Plaintiffs - Appellants

v.

No. 11–51094

ORICA UNITED STATES OF AMERICA INCORPORATED; EXPLOSIVOS MEXICANOS S.A. DE C.V.,

                                        Defendants - Appellees

-------------------------

JUANITA NATALY ARZOLA DAVILA; ET AL,

                                        Plaintiffs - Appellants

v.

ORICA UNITED STATES OF AMERICA INCORPORATED; EXPLOSIVOS MEXICANOS S.A. DE C.V.,

                                        Defendants - Appellees

-------------------------

HECTOR CAMPOSANO BARRON; ET AL,

                                        Plaintiffs - Appellants

v.

ORICA UNITED STATES OF AMERICA INCORPORATED; EXPLOSIVOS MEXICANOS S.A. DE C.V.,

                                        Defendants - Appellees

-------------------------

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09–CV–59

————————————

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.

2

No. 11–51094

PER CURIAM:[*]

This appeal challenges the district court's dismissal, on forum non conveniens grounds, of a consolidated set of lawsuits arising out of an accident and explosion that took place in Mexico.  We AFFIRM.

## I

Five groups of plaintiffs (together, "Appellants"), who were Mexican and American citizens residing in both Mexico and Texas, filed five separate lawsuits in the district court of Maverick County, Texas, against three defendants:  Orica USA, Inc. ("Orica"), a Delaware corporation, Explosivos Mexicanos S.A. de C.V. ("ExploMex"), a Mexican corporation that is allegedly Orica's alter ego, and Alberto Fuentes ("Fuentes"), a possibly deceased person of unknown citizenship, alleged to be a resident of Eagle Pass, Texas.[1]

In their lawsuits, Appellants alleged that Orica maintains the ExploMex plant in Cuatrocienegas, Coahuila, Mexico, where it manufactures a proprietary explosive compound known as AMEX.  Appellants claimed that a box trailer carrying 50,000 pounds of AMEX drove away from the ExploMex plant, collided with a pick-up truck, turned over on its side, skidded down the roadway, burst into flames, and then exploded while emergency and rescue efforts were ongoing.  Alleging that this accident and explosion killed 37 people and injured at least 240 others, Appellants asserted personal injury, wrongful death, and survival claims based on Orica and ExploMex's failure to implement and enforce safety measures to ensure that the AMEX, a known hazardous and dangerous product, was safely packaged and transported.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Fuentes was not served and is not a party to this appeal.

No. 11–51094

Orica and ExploMex removed on the basis of diversity. They claimed that Fuentes was fraudulently joined, pointed out that Fuentes had not yet been served and that no citation had been requested for him, and also asserted that Fuentes was actually a Mexican citizen and resident with no contacts with the United States whose citizenship should not be considered for the purposes of diversity. Appellants moved for remand, asserting that the district court lacked subject matter jurisdiction due to a lack of complete diversity because at least some of the plaintiffs and one of the defendants, Fuentes, were Texas citizens. ExploMex also moved to dismiss for lack of personal jurisdiction.

The district court denied ExploMex's motion to dismiss and Appellants' motion to remand. The district court explained that no matter how it disposed of ExploMex's motion to dismiss or Appellants' motion to remand, it was "virtually certain that at the conclusion of this phase of the litigation, the Court will face a motion to dismiss the action on the ground of forum non conveniens." The district court ordered further briefing on the issue and then consolidated the five cases.

After consolidation, Orica and ExploMex moved to dismiss on forum non conveniens grounds. The district court conditionally granted their motion and ordered "the Defendants," including Fuentes, to file, within ten days, a written document demonstrating their assent to be bound by certain conditions of dismissal. After only Orica and ExploMex consented to be bound by these conditions, the district court conditionally dismissed the case and entered final judgment. Orica and ExploMex's stipulation noted that Fuentes had not been served with process; his signature was not on the stipulation; and the district court made no mention of Fuentes in its order of dismissal. Appellants timely appealed.

4

No. 11–51094

## II

Appellants raise two issues on appeal: (1) whether the district court abused its discretion by dismissing the case on forum non conveniens grounds without first considering subject matter jurisdiction; and (2) whether the district court abused its discretion in determining that foreign courts in Coahuila, Mexico, are an available forum and in dismissing the case on grounds of forum non conveniens in favor of the foreign forum. The Supreme Court has instructed that "[t]he *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). This court may reverse only where "there has been a clear abuse of discretion." *Id.*

## A

The Supreme Court has held that

> [A] district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.

*Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). More specifically, the Supreme Court explained that district courts need not dispose of jurisdictional issues before dismissing on forum non conveniens grounds "when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 432. Where, for example, the questions of subject-matter or personal jurisdiction are not complicated, "the proper course would be to dismiss on that ground." *Id.* at 436. But where these jurisdictional questions are

5

No. 11–51094

"difficult to determine, and forum non conveniens considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id.*

Appellants have not shown that the district court abused its discretion in considering the question of forum non conveniens before resolving jurisdictional questions. Their assertions that jurisdictional discovery would be minimal amount to pure speculation. In contrast, the facts related to the forum non conveniens analysis were readily available to the district court. That court readily determined transnational discovery would be burdensome and involve issues of international notice and process because the accident and explosion took place in Mexico, most of the witnesses are likely in Mexico, and most of the plaintiffs and at least one of the defendants, Explomex, are Mexican. Although the forum non conveniens analysis was arguably less easily disposed of than in *Sinochem* because some of the plaintiffs and one of the defendants are American, meaning that the United States potentially retains a stronger interest in this dispute than the one in *Sinochem*, *Sinochem* nevertheless tends to support the route taken by the district court because the district court persuasively showed that resolving the forum non conveniens would be less burdensome than any jurisdictional analysis. *See id.* at 435–36.

**B**

Federal courts sitting in diversity apply the federal forum non conveniens inquiry in evaluating the question of forum non conveniens. *See, e.g.*, *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). Before a district court may dismiss on forum non conveniens grounds, it must first determine whether an alternative forum exists.[2] *Piper Aircraft*, 454 U.S. at 254 n.22. An alternative forum exists when it is both available and adequate. *See,*

---

[2] After determining that an alternative forum exists, courts must consider a range of private and public interest factors. *See In re Air Crash*, 821 F.2d at 1162. The district court's evaluation of these factors is not on appeal.

No. 11–51094

*e.g., Saqui v. Pride Cent. Am., Inc.*, 595 F.3d 206, 211 (5th Cir. 2010). Appellants focus their attack on the availability of Coahuila, Mexico as a forum. This court has repeatedly held, as the district court recognized and Appellants do not dispute, that Mexico is presumed to be an available forum for tort suits against a defendant willing to submit to jurisdiction there. *See In re Ford Motor Co.*, 591 F.3d 406, 412–13 (5th Cir. 2009) (gathering the various cases and stating, "[t]hese many decisions create a nearly airtight presumption that Mexico is an available forum"). Appellants assert, however, that the district court conditioned its finding of availability based on all the defendants' execution of the stipulation proposed by Orica and Explomex, and that the district court therefore clearly abused its discretion by failing to obtain Fuentes' stipulation and by failing to determine the correct identity and domicile of Fuentes as part of its analysis. We disagree.

The district court did not clearly abuse its discretion by failing to obtain Fuentes' stipulation before dismissing because Fuentes was never served. If Fuentes is a resident of Texas, as Appellants insist, he is subject to Rule 4's requirement that a plaintiff must serve a defendant within 120 days after the complaint is filed absent an extension of time.[3] FED. R. CIV. P. 4(m). Two years passed from the time of removal until dismissal, and no evidence in the record shows that Appellants served or attempted to serve Fuentes or his estate. Their failure to serve him or his estate means that he was subject to dismissal from these consolidated lawsuits, *see id.*, and obtaining his consent to the stipulation was realistically unnecessary. *See generally Robinson v. TCI/US West Comm'cns, Inc.*, 117 F.3d 900, 907–08 (5th Cir. 1997) ("The return jurisdiction clause is part of a larger set of measures needed 'to ensure that defendants will not attempt to evade the jurisdiction of the foreign courts' . . . ." (quoting *Baris*

---

[3] The fact that Fuentes' identity is in dispute makes no difference to this analysis; despite this dispute, Appellants maintain that the proper Fuentes is the Texan Fuentes.

No. 11–51094

*v. Sulpicio Lines, Inc.*, 932 F.2d 1540 (5th Cir. 1991))).  The facts of this case do not support reversal.

## III

For the reasons above, we AFFIRM.