# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20184

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2016

Lyle W. Cayce
Clerk

WELLOGIX, INCORPORATED,

      Plaintiff - Appellant

v.

SAP AMERICA, INCORPORATED; SAP A.G.,

      Defendants - Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

cons w/ No. 15-20187

SAP AMERICA, INCORPORATED,

      Plaintiff - Appellee

v.

WELLOGIX, INCORPORATED,

      Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-741

No. 15-20184
cons. w/
No. 15-20187

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

PER CURIAM:*

These consolidated appeals follow multiple lawsuits between the parties, the first of which was filed in 2008. *See Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867 (5th Cir. 2013) (describing background of the litigation). Because of the limited scope of this decision, we do not repeat the parties' complex dealings or litigation history. Two of the suits directly underlie the rulings before this court. One is a "Patent Case" filed by SAP in April 2010 in the Southern District of Texas seeking a declaratory judgment of non-infringement and invalidity of five Wellogix patents. The second is a "Trade Secrets Case" filed by Wellogix against SAP for theft and appropriation of trade secrets, which was intended to assert counterclaims in the Patent Case but, after some procedural jockeying, was severed and treated as a separate case.

SAP filed a summary judgment motion seeking dismissal of the severed Trade Secrets Case on several grounds, including the forum selection clause specifying Germany in the parties' licensing agreement. The district court enforced the forum selection clause and granted dismissal for *forum non conveniens* with a detailed opinion. *Wellogix, Inc. v. SAP Am., Inc.*, 58 F. Supp. 3d 766 (S.D. Tex. 2014). As to most aspects of the forum selection clause analysis, the court gave preclusive effect to a 2008 ruling in which another judge had dismissed SAP from the *Accenture* case cited above. *Id.* at 776, 779–80. The Trade Secrets court found that the scope of the clause had not been previously litigated, but concluded that it covered Wellogix's trade

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20184
cons. w/
No. 15-20187

secrets claims because they arose "out of or in connection with" the licensing agreement and arguably depended on construction of that contract. *Id.* at 778. The court rejected Wellogix's contention that SAP waived the forum selection clause by filing the Patent Case. *Id.* at 773–76.

Unhappy with this ruling, Wellogix filed a post-judgment motion urging, for the first time, that diversity jurisdiction, on which it had relied in filing the Trade Secrets Case, did not in fact exist because both parties are registered Delaware corporations. SAP did not challenge the facts but urged the court to uphold its dismissal order by (1) lifting its prior stay in the Patent Case, (2) rescinding the order that severed the Trade Secrets and Patent Cases, and (3) deeming the filings relating to the Trade Secrets Case to have been part of the Patent case, as an exercise of the court's supplemental jurisdiction.

The district court essentially adopted this solution. *SAP Am., Inc. v. Wellogix, Inc.*, Nos. H–10–1224 & H–14–741, 2015 WL 1033225 (S.D. Tex. Mar. 9, 2015). The court reasoned that its Patent Case severance order had remained interlocutory and that—as Wellogix had requested severance "without breathing any jurisdictional doubts," and as equity disfavored giving it another chance to file claims that had twice been dismissed under the forum selection clause—Wellogix should be deemed to have consented to rescission of that order to salvage jurisdiction. *Id.* at *2–3. The court concluded that it could exercise supplemental jurisdiction over the state law claims because they "share a common nucleus of operative facts with the patent claims." *Id.* at *4.

On appeal, Wellogix argues only that the court lacked supplemental jurisdiction over the Trade Secrets claims in the Patent Case and alternatively, that SAP waived its rights under the forum selection clause by filing the Patent Case in a U.S. federal court. Neither argument is persuasive.

3

No. 15-20184
cons. w/
No. 15-20187

1.  As to the lack of subject matter jurisdiction argument, Wellogix ignores the Supreme Court's decision that a federal court may dismiss a case on the ground of *forum non conveniens* without first resolving a threshold issue of jurisdiction.  *Sinochem Int'l Co., Ltd., v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425, 127 S. Ct. 1184, 1188 (2007).  We review the district court's dismissal under *forum non conveniens* for an abuse of discretion.  *Ibarra v. Orica U.S.A., Inc.*, 493 F. App'x 489, 492 (5th Cir. 2012) (per curiam). *Sinochem* forecloses Wellogix's argument, as the Supreme Court explicitly held that "a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."  549 U.S. at 425, 127 S. Ct. at 1188.   And, citing *Sinochem*, the Second Circuit has expressly held that enforcing a forum selection clause-based dismissal is permissible before the court finally resolves its subject matter jurisdiction.  *See Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 720 n.6 (2d Cir. 2013); *see also United States ex rel. Wickliffe v. EMC Corp.*, 473 F. App'x 849, 851–52 (10th Cir. 2012) (affirming dismissal on one threshold ground without reaching district court's alternative holding based on the first-to-file jurisdictional bar in the False Claims Act). That the dismissal here was permissible does not necessarily mean that a court is always required to consider *forum non conveniens* prior to subject matter jurisdiction.  *See Sinochem*, 549 U.S. at 436, 127 S. Ct. at 1194.  But we need not explore *Sinochem*'s nuances to conclude that the court did not abuse its discretion here.[1]

---

[1] By affirming the court's approach to the threshold issues, we pretermit as unnecessary any discussion about whether the court had subject matter jurisdiction.

4

No. 15-20184
cons. w/
No. 15-20187

2. Wellogix's waiver argument is, if anything, weaker. In filing the Patent Case, SAP's complaint included a section titled "Specific Relief Not Requested," which stated: "SAP does not request any additional relief with respect to the claims adjudicated in this Court's Order of December 8, 2008 beyond that which has already been granted to SAP, all such claims being separate and distinct from the non-infringement and invalidity of the Wellogix Patents."[2]   Wellogix does not deny that the forum selection clause requiring suits to be litigated in Germany is valid and covers the disputes embodied in the Trade Secrets Case, nor does it contest any other aspect of the court's *forum non conveniens* ruling.

There is a lack of authority determining whether federal or state law principles control the standard for determining a party's waiver of rights under a forum selection clause. The district court reviewed the waiver issues under both regimes, federal and Texas law. The court's thorough analysis showed that the result is the same under either regime and several different theories: particularly in light of its reservation of rights quoted above, SAP did not waive the forum selection clause by filing the Patent Case, a case necessitated by Wellogix's threat to pursue infringement litigation in the same U.S. court.[3]

---

[2] The order referenced here was an order granting SAP's motion to dismiss based on the parties' forum selection clause in the *Accenture* litigation cited above. Wellogix abandoned its appeal of that order.

[3] The district court noted confusion and a lack of briefing on "[w]hat law governs a finding of waiver" of a foreign forum selection clause. *Wellogix*, 58 F. Supp. 3d at 773–76. Reaching no clear resolution on that issue, the district court attempted to apply federal and state law in the alternative. Finding little federal law on point, the district court first looked to an unpublished Fifth Circuit case, *GP Plastics Corp. v. Interboro Packaging Corp.*, 108 F. App'x 832 (5th Cir. 2004), that itself applied Texas law and focused on intent. The court then noted that the parties' license contains a German choice-of-law provision, but declined to plumb German law without any request to do so or briefing from the parties. Finally, the

No. 15-20184
cons. w/
No. 15-20187

Some of the confusion has been recently eliminated by this court's decision, anticipated by the district court's reasoning, which held that federal law governs the *enforceability* of a forum selection clause, but the forum state's choice of law rules control what law governs the *interpretation* of the clause. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016). For purposes of this appeal, we need not decide whether the waiver determination is a matter of enforceability or interpretation. Like the district court, and based on the same authorities (because neither we nor the parties have located others), we are confident that SAP did not waive the forum selection clause.

One line of pertinent authority would inquire whether SAP intentionally or voluntarily relinquished its rights under the clause. *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009); *GP Plastics*, 108 F. App'x at 833. Far from manifesting such an intent, SAP successfully enforced the clause in the *Accenture* litigation, expressly noted a preservation of its rights when it filed the Patent case, and consistently asserted the clause's application to the Trade Secrets claims. Indeed, Wellogix makes no argument that SAP subjectively or objectively waived the protection of the clause.

A second line of authority, articulating both federal and Texas law, would apply essentially the test used by federal courts to assess waiver of arbitration clauses, which are a species of forum selection clause. (In the district court, unlike in this court, Wellogix also argued that "[c]ases involving arbitration clauses are broadly applicable to disputes about forum selection

---

district court cited a Texas Supreme Court case, *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010), that articulates a prejudice-focused test different from that cited by the *GP Plastics* court. The district court concluded "that SAP has not waived its rights under either the *GP Plastics* approach or the *In re ADM* approach." *Wellogix*, 58 F. Supp. 3d at 774–76.

clauses."). That test finds that the party to the clause waives its right if it "(1) substantially invokes the judicial process [in derogation of the arbitration clause] and (2) thereby causes detriment or prejudice to the other party." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421–22 (5th Cir. 2014) (internal citation and quotation marks omitted); *see also In re ADM Inv'r Servs.*, 304 S.W.3d at 374.[4]  Wellogix has not argued that SAP's conduct satisfied this waiver standard, nor has it asserted prejudice. In *Subway Equipment Leasing Corp. v. Forte*, for instance, this court explained "that a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." 169 F.3d 324, 328 (5th Cir. 1999); *accord. Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 133 (2d Cir. 1997) ("Other circuits seem to agree that waiver can only occur when a party has previously litigated the same claims it now seeks to arbitrate").

Wellogix's only support for its argument—that SAP waived the forum selection clause for the Trade Secrets Case by filing its Patent Case in a non-German forum—derives from an eighty year old Supreme Court case dealing with a patent venue statute that has been cited exactly once by a federal district court to find waiver of a forum selection clause. *Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 53 S. Ct. 202 (1932); *Jalin Realty Capital Advisors, LLC v. A Better Wireless, NISP, LLC*, No. 11-0165 (JRT/LIB), 2012 WL 838439, at *3–4 (D. Minn. Mar. 12, 2012). Like the district court, we do not find these authorities pertinent. *Jalin Realty*'s analysis predates the Supreme Court's decision in *Atlantic Marine*, which held that "a forum-

---

[4] We may pretermit as unnecessary to the present discussion a strong presumption against waiver of arbitration rights, see *Al Rushaid*, 757 F.3d at 421–22, although a similar presumption also ordinarily applies to the enforceability of forum selection clauses.

No. 15-20184
cons. w/
No. 15-20187

selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of [28 U.S.C.] § 1406(a) or Rule 12 (b)(3)." *Atl. Marine Const. Co., Inc. v, U.S. Dist. Court for the W. Dist. of Tex.*, ____ U.S. ____, 134 S. Ct. 568, 579 (2013). Because the Court there clarified that "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on" federal venue, *id.* at 577, there is a strong argument that *General Electric* and *Jalin* are inapposite to enforcing a forum selection clause. And in any event, as the district court noted, these cases do not even consider the tests for waiver of a forum selection clause.

From this discussion, it follows that the district court did not abuse its discretion in enforcing the SAP-Wellogix forum selection clause, and SAP did not waive that clause either intentionally or by litigating contrary to the clause in such a manner as to prejudice Wellogix. Further, the court did not err in denying Wellogix's post-judgment motion to dismiss the Trade Secrets Case for lack of jurisdiction. The judgment of the district court in both matters is **AFFIRMED**.