# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60184
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

HANSAWORLD USA, INCORPORATED, a California corporation,

Plaintiff - Appellant

v.

DAMON G. CARPENTER, an individual,

Defendant - Appellee

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 2:15-CV-73

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant HansaWorld USA, Inc. ("HansaWorld") brought claims of civil conspiracy and violations of Florida's Civil Remedies for Criminal Practice Act, FLA. STAT. § 772.101 ("Florida RICO") against Defendant-Appellee Damon Carpenter ("Carpenter"). Thereafter, HansaWorld moved to amend its complaint, attempting to add civil Racketeer Influenced

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60184

and Corrupt Organizations Act, 18 U.S.C. § 1964(c)–(d) ("Federal RICO") and malicious interference claims, which the district court denied as futile. After discovery, the U.S. District Court for the Southern District of Mississippi granted Carpenter's motion for summary judgment, dismissing HansaWorld's claims. HansaWorld now appeals. We AFFIRM.

## I.    BACKGROUND

HansaWorld's former employee, Kimberlee Davenport ("Davenport"), hired Carpenter as her attorney after HansaWorld terminated her employment. Thereafter, Carpenter represented Davenport for approximately two weeks "for the purpose of negotiating with [HansaWorld] . . . to secure the most favorable terms possible resulting from [her] departure from that employment." HansaWorld alleges that during the course of her relationship with Carpenter, Davenport attempted to extort HansaWorld and unlawfully converted its property. After winning its case against Davenport, HansaWorld sought judgment against Carpenter in connection with his representation of Davenport.

HansaWorld initially brought the instant matter in a Florida state court in February 2015. Carpenter then removed the case to the U.S. District Court for the Southern District of Florida, which on Carpenter's motion, transferred the case to the court below in May 2015. In its original complaint, HansaWorld brought Florida RICO and civil conspiracy claims, alleging that Carpenter conspired with Davenport to extort payments from it by: (1) making false employment discrimination and income tax withholding allegations, (2) conspiring with Davenport to shut down HansaWorld's phone lines, and (3) advising Davenport to delay returning the company car. On October 1, 2015, the district court denied HansaWorld leave to amend its complaint to include

2

charges of malicious interference with business relations and Federal RICO claims, finding that it had not pleaded a prima facie case for either claim.[1]

On March 8, 2016, the district court granted Carpenter's motion for summary judgment, finding that HansaWorld could not establish an enterprise or pattern of continuing racketeering activity and had failed to show that Carpenter's actions went beyond the scope of his representation or that he had any personal stake in the outcome of Davenport's dispute with HansaWorld.

HansaWorld filed this appeal.

## II.    STANDARD OF REVIEW

This court ordinarily reviews a district court's denial of a motion for leave to amend a complaint for an abuse of discretion. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). If, however, the court below denied the motion "based solely on futility, we apply a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *Id.* (citing *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010)). Under a Rule 12(b)(6) analysis, a complaint must allege enough facts that, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that contains no more than "a formulaic recitation of the elements" or presents a "legal conclusion couched as a factual allegation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Similarly, when reviewing a district court's grant of summary judgment, we review the district court's ruling de novo. *Robinson v. Orient Marine Co.*,

---

[1] Although the district court denied HansaWorld leave to add these two new allegations, pursuant to the same motion, the court did grant HansaWorld leave to amend its complaint as it related to its Florida RICO allegations, including leave to add any additional facts in support thereof.

No. 16-60184

505 F.3d 364, 365 (5th Cir. 2007) (citation omitted).  Summary judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Robinson*, 505 F.3d at 366 (citation omitted).  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (citation omitted).  "[R]easonable inferences are to be drawn in favor of the non-moving party." *Robinson*, 505 F.3d at 366 (citation omitted).

## III.  DISCUSSION

HansaWorld raises two issues on appeal.  First, it asserts that the district court erred when it denied HansaWorld's motion to amend its complaint to include a malicious interference with business relations claim.  Second, HansaWorld alleges that the district court erred when it granted summary judgment in favor of Carpenter on HansaWorld's Florida civil conspiracy claim.  Both issues are discussed in turn.[2]

### A.

HansaWorld first argues that the district court erred when it denied HansaWorld's motion for leave to include a malicious interference with business relations claim against Carpenter.  We disagree.

In Mississippi,[3] a prima facie case for malicious interference requires a plaintiff to show that a person "engage[d] in some act with a malicious intent

---

[2] HansaWorld does not appeal the district court's dismissal of its Federal or Florida RICO claims.

[3] In the court below, Carpenter argued that Mississippi law, not Florida law, should apply to this case.  The district court found through a conflict of laws analysis that Florida law controlled.  The parties did not dispute, however, that Mississippi law applied to HansaWorld's malicious interference claims; thus, the district court applied Mississippi law to that claim.  Because this issue is not before the court, we apply, as the district court did, Mississippi law to HansaWorld's malicious interference claims and Florida law to HansaWorld's civil conspiracy claims.  *See Ferguson v. FDIC*, 164 F.3d 894, 897 (5th Cir. 1999) (citing *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 74 (5th Cir. 1987)); *Wellogix, Inc.*

to interfere [with] and injure the business of another, *and injury does in fact result.*"  *Par Indus. v. Target Container Co.*, 708 So.2d 44, 48 (Miss. 1998) (emphasis added) (quoting *Cenac v. Murry*, 609 So.2d 1257, 1271 (Miss. 1992)).

The district court found that HansaWorld failed to allege it suffered any injury as a result of Carpenter's actions.  On appeal, HansaWorld argues that in stating in its original complaint that "*Davenport* adversely impacted [HansaWorld's] ability to conduct business and its relationships with customers and partners" suffices to meet the injury in fact requirement.  Not so.  Even construed liberally, this allegation cannot overcome 12(b)(6)'s low bar, as it is merely "a formulaic recitation of the elements of a cause of action." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555)).  Because HansaWorld failed to allege facts establishing a prima facie case for this claim, the district court's refusal to grant HansaWorld leave to amend was proper.  *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").  Accordingly, we find that the district court did not err in denying HansaWorld's motion to amend.

**B.**

We now turn to HansaWorld's argument that the district court erred when it granted Carpenter's motion for summary judgment.

Under Florida law, an attorney cannot be found to have conspired with his client if his alleged bad conduct took place within the scope of his representation and he does not have a personal stake in the matter, separate and distinct from his client's interest.  *Lipsig v. Ramlawi*, 760 So.2d 170, 181 (Fla. Dist. Ct. App. 2000) (holding that because "all of [the defendant's]

---

*v. SAP Am., Inc.*, 58 F. Supp. 3d 766, 775 (S.D. Tex. 2014), *aff'd*, No. 15-20184, 2016 WL 2772280 (5th Cir. May 12, 2016).

activities were within the scope of his agency as the . . . family attorney" and the defendant had no personal stake in the matter, he was entitled to a directed verdict on the plaintiff's civil conspiracy claim); *see also Rivers v. Dillards Dep't Store, Inc.*, 698 So.2d 1328, 1333 (Fla. Dist. Ct. App. 1997) ("[A]bsent allegations that an employee acted in a personal capacity apart from his employee status, [a] corporation cannot conspire with its own . . . employees." (citation omitted)).

Here, reviewing the facts in the light most favorable to HansaWorld, Carpenter's actions fell squarely within the confines of his employment relationship with Davenport.  HansaWorld's assertion that Carpenter exceeded the scope of his employment by "conspiring with Davenport to commit crimes" is speculative and unsupported by the record.  *Brown*, 337 F.3d at 541. Moreover, Carpenter did not have a personal stake in Davenport's wrongdoing, an issue HansaWorld fails to dispute on appeal.  Finally, HansaWorld's argument that Carpenter's relationship with Davenport created a "particular power of coercion . . . [that] an individual acting alone does not possess" also fails because the alleged bad acts that Davenport committed could have been done with or without Carpenter's assistance.  Accordingly, we conclude that because HansaWorld has not shown that Carpenter exceeded the scope of his representation or had a personal stake in Davenport's dispute with HansaWorld, the district court did not err in granting summary judgment in favor of Carpenter.

## IV.   CONCLUSION

For the reasons stated above, we AFFIRM the district court's rulings in full.